[No. 6353. Decided November 23, 1906.]

CHRISTIAN RABEL et al., *Appellants*, v. THE CITY OF SEATTLE
et al., *Respondents*.[1]

MUNICIPAL CORPORATIONS—LOCAL IMPROVEMENTS—ASSESSMENT FOR
BENEFITS—LANDS LEASED FROM STATE. A leasehold interest in state
lands is not subject to an assessment for local improvements made
prior to the time of the letting of the land by the state; and the as-
sessment, if made after the bidding for the lease, can only be levied
upon the leasehold interest.

Appeal from a judgment of the superior court for King
county, Griffin, J., entered February 15, 1906, upon findings
in favor of the defendants, after a trial on the merits before
the court without a jury, in an action to restrain a city from
enforcing an assessment for local improvements. Reversed.

*Guie & Guie*, for appellants.
*Scott Calhoun* and *O. B. Thorgrimson*, for respondents.

ROOT, J.—Appellants, as lessees from the state of Wash-
ington, filed their complaint in equity, asking for a perma-
nent injunction to restrain the respondents from enforcing
an assessment levied, or attempted to be levied, by the city of
Seattle for municipal improvements alleged to be specially
beneficial to the property leased by appellants, and to have
said assessment stricken from the rolls. From a judgment
in favor of respondents, this appeal is prosecuted.

On the 3d of October, 1904, the state leased certain state
lands to one George James, who thereafter sold and trans-
ferred said lease and leasehold interest to appellants. The
city council of Seattle, by an ordinance passed November 23
and approved November 24, 1903, provided for the improve-
ment of Utah street, and for the payment therefor by the
mode of "immediate payment," under the provisions of a

[1]Reported in 87 Pac. 520.

certain city ordinance. Under these proceedings an assessment was made, or sought to be made, upon the lots covered by appellants' lease. They contend that their leasehold interest in said lots is not subject to this tax, or to any assessment on account of local improvements.

The main question sought to be determined by the parties to this action is as to whether a leasehold interest in state lands can be assessed to pay for public improvements affording special benefits to the property leased or to be the leasehold interest in said property. Where local improvements are legally proposed by a municipality, subsequent to the bidding of a prospective leaseholder for the property covered by his lease, and such improvements when made constitute a special benefit to such leasehold interest, we believe that said interest can be subjected to an assessment to pay for the special benefits thus accruing. Before delivering a lease, all of the property in a given parcel of real estate belongs to the state; hence, at such time it is nonassessable for any purpose, unless clearly and expressly made so by the constitution or statute. When, however, any private individual or corporation acquires a leasehold of said property for a given period, the state ceases to be the owner of such interest during said time, but the lessee thereby becomes the owner of the rights accorded by the lease, and such rights are private property and assessable under the general rule of taxation. If the value of the right to the use of this property during, and by virtue of, the existence of the lease is specially enhanced by reason of a local improvement not contemplated and taken into consideration by the state at the time of accepting the lessee's bid for the lease, there would seem to be no reason in law or right why this interest should not be assessed as all other private property specially benefited by said improvement. But such an assessment must be limited to the leasehold interest, and not made against the interest retained by the state. *Richard v. Perrsdin*, 40 South. (La. Ann.) 789.

Where, however, the improvements are made, or their construction is regularly provided for, prior to the time of the bidding for the lease, we do not think that such improvements can be assessed against the leasehold interest. The effect of permitting such an assessment would be virtually to sanction a tax against the property of the state. If the state's property was about to be benefited by local improvements, it would be presumed that the additional value to be given such state property by such contemplated improvements would induce intending lessees to pay a higher rental than they otherwise would. If the bidder for a lease knew that local improvements were about to be made, but that the special benefits to be derived therefrom would be assessed upon the leasehold interest obtained from the state, it would have a tendency to deter him from bidding, or at least to induce him to bid less than he otherwise would. The effect would be to place the burden of the tax upon the state and doubtless, by reason of the uncertainty of the value of the improvements and the amount of special assessments, cause the state to lose more than the amount of the tax. For these reasons, in the absence of a statute expressly authorizing such a procedure, we do not think that an assessment made prior to the time the lease was bid for can be enforced against the interest of a lessee of state lands.

It appearing that the ordinance providing for the improvements, for the payment of which this assessment was sought to be levied, was passed prior to the issuance of the lease and presumably to the bidding therefor, and that the assessment purports to be made against the entire property instead of merely the leasehold, it follows that the judgment of the honorable superior court cannot be sustained. Said judgment is therefore reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

Mount, C. J., Dunbar, and Crow, JJ., concur.

Rudkin, J., concurs in the result.

Fullerton and Hadley, JJ., took no part.