[No. 7356.   Decided April 1, 1909.]

COAST LAND COMPANY, *Appellant*, v. THE CITY OF SEATTLE
et al, *Respondents*.[1]

MUNICIPAL CORPORATIONS—LOCAL IMPROVEMENTS—ASSESSMENTS—
STATE LANDS—LEASEHOLDS—STATUTES — CONSTITUTIONAL LAW—DUE
PROCESS.   Laws 1907, p. 123, providing for the assessment of the
entire fee of state lands benefited by local improvements, and if the
same has been leased, that the leasehold interest may be sold to
satisfy the entire assessment, is void, as depriving the lessee of his
property without due process of law.

SAME.   Such an assessment cannot be sustained in a given case
where only the leasehold interest was benefited by the improvement,
since the lessee has not had his day in court to question the benefits,
where the assessment was not made against the leasehold.

SAME—SALE OF LEASEHOLD TO SATISFY ASSESSMENT AGAINST FEE.
Laws 1905, p. 267, providing for the assessment and sale of the
leasehold of state lands as a separate entity, when benefited by a
local improvement, cannot be invoked to sustain a sale of leasehold
interests under an assessment of the entire fee.

Appeal from a judgment of the superior court for King
county, Warren, J., entered March 24, 1908, in favor of the
defendants, upon sustaining a demurrer to the complaint, dis-
missing an action to quiet title.   Reversed.

*Geo. McKay*, for appellant.
*Scott Calhoun* and *Howard A. Hanson*, for respondents.

FULLERTON, J.—On November 1, 1900, the state of Wash-
ington, being then the owner of lots 2 and 3, in block 240,
of the official plats of the Seattle tide lands, leased the same to
one Wm. P. Trimble for a term of 29 years, at a rental of
$8 per year.   Mr. Trimble continued to hold the lease until
September 16, 1907, when he assigned the same, with the
written permission of the state, to the appellant in this action.

Subsequent to the execution of the lease, the legislature
passed an act authorizing the assessment of lands owned by
the state and leasehold, and other contractual and possessory

[1] Reported in 100 Pac. 856.

interests in such lands, by cities of the first class, for local improvements which specially benefit such lands and interests. The method of collecting the assessment made against the leasehold, contractual, or possessory interests is not made clear by the act, but presumably it was intended to permit the sale of such interests for nonpayment of the assessment, as property owned in fee is sold when the assessment is not paid. As to the assessment against lands owned by the state, it was provided that the amount thereof assessed against each particular lot should be certified to the commissioner of public lands, who should charge the same against such lot and certify the amount to the state auditor, who in turn should certify to the legislature the amount of such local assessments charged against such lands of the state, and that the legislature should provide for the payment of the same, with interest, by appropriation out of the general fund of the state. Laws 1905, p. 267.

The legislature of 1907, passed the following act:

"Section 1. Any city of the first class in the state of Washington is hereby authorized and empowered to include within any local improvement district formed by it the whole or any part of any land in school sections or tide lands, title of which remains in the state of Washington; and said city is authorized and empowered to assess the cost of any local improvement against any such tide or school land in the same manner as if the same were private property: *Provided, however,* That the interest of the state in such property shall not be sold to satisfy the lien of such assessment, but only such interest, or contract or other right therein as may be in private ownership shall be subject to such sale.

"Sec. 2. Whenever any such tide or school land situated within the city limits of any city of the first class has been included within any local improvement district by such city, and the contract, leasehold or other interest of any individual therein has been purchased to satisfy the lien of such assessment for local improvement, the purchaser of such interest at such sale shall be entitled to receive from the state of Washington, on demand, a conveyance of the property purchased by him upon the payment to the state of the

amount of balance which his predecessor in interest was obligated to pay.

"Sec. 3.   Where the state has made no lease or contract, or has granted no right with reference to any such lands or any part thereof, against which an assessment has been made for local improvements, the state shall at the next session of the legislature after such improvement is made, if it still owns the land, appropriate sufficient money to pay for such improvements, or the person entitled to such money may apply to the proper state officers to have such lands sold in the manner provided by law, and if the said lands have not been appraised, the state land commissioner shall, upon said application being made, cause the same to be appraised, and the assessment for such improvement shall be added to the appraised valuation of all such tracts owned by the state, and such land commissioner shall cause the sale of such lands to be made in the manner provided by law, but no sale shall be made for less than the appraised value, plus the assessment, against the tract to be sold.   When such lands are sold, the proper state officers are authorized to pay to the party entitled to receive the same, the amount or amounts of said assessments for local improvements."   Laws 1907, p. 123 *et seq.*

On May 13, 1907, the city council of the city of Seattle, by resolution passed pursuant to the ordinances of that city, directed the improvement of Colorado street, by the construction of a plank roadway and wooden sidewalk along the same, at the cost of the property benefited by such improvement.   Due proceedings were had thereunder resulting in an assessment against lot 2 of the leased land in the sum of $466.72, and lot 3 in the sum of $466.72.   No attempt was made to assess the leasehold interest belonging to the appellant as a separate entity from the fee in the lot, nor was it indicated what portion of the assessment made was intended to be made a charge upon such interest.   The city authorities thereafter proceeded to collect the assessment by selling the appellant's leasehold interest.   Thereupon the appellant began the present action to restrain them from so doing, and to have the assessment declared void as a cloud upon his title.

To a complaint setting forth the foregoing facts, a demurrer was interposed and sustained. The appellant elected to stand on its complaint, and refused to plead further, whereupon judgment was entered against it dismissing its action.

A number of questions are suggested by the assignments of error and discussed in the briefs of counsel, but the conclusion we have reached on the principal question involved renders it unnecessary to review the others. It is contended, we think rightly, that the method of collecting the assessment provided for in the statute of 1907 above quoted is void, as its enforcement would deprive the leaseholder of his property without due process of law. The statute provides, it will be observed, for the assessment of land belonging to the state benefited by local improvements as if the same were private property, and when the land has been leased, that the leasehold interest may be sold to satisfy the entire assessment. The legislature may authorize the assessment of a leasehold interest for a local improvement in so far as the leasehold interest is benefited by the improvement, and may provide for a sale of the leasehold to satisfy the lien of the assessment; in fact we have so held in *Rabel v. Seattle*, 44 Wash. 482, 87 Pac. 520; but clearly a leasehold interest cannot be sold to satisfy an assessment against the entire fee. In so far therefore as the statute of 1907 purports to provide for such a sale it is void.

The respondents argue, however, that the rule should not apply to the instant case for the reason that here the only interest benefited by this improvement is the leasehold interest. But it is a sufficient answer to this to say that the appellant has never had its day in court on this question. Inasmuch as the assessment was not made against its interest, but is made upon the entire property, it was not called upon or given an opportunity to contest whether its interest in the property was the sole interest benefited, and it must be given this opportunity before the charge is irrevocably fixed against its interest.

The respondents are not aided by the statute of 1905. That statute required an assessment against the leasehold interest as a separate entity, and no such assessment was made. If we should hold, therefore, that the statute of 1907 was void in toto, we could not hold that this assessment was authorized by the statute of 1905.

The judgment is reversed, with instruction to reinstate the case and require the defendants to answer over.

RUDKIN, C. J., MOUNT, CROW, and DUNBAR, JJ., concur. CHADWICK, GOSE, MORRIS, and PARKER, JJ., took no part.