## GOING, County Treas., v. SHAFFER.

No. 12109—Opinion Filed March 13, 1923.

(Syllabus.)

1. **Taxation — Property Subject to Ad Valorem Tax—Oil Storage Tanks.**

Where the plaintiff erected a number of steel storage tanks for the purpose of storing crude petroleum produced from his own

wells, and the evidence shows that the plaintiff was operating several hundred producing wells and the oil was pumped from the wells into small receiving tanks and from there was conveyed through a private pipe line to the steel tanks in which the crude petroleum was stored until it could be marketed, and where these tanks were constructed from six to ten miles from the producing well, held, that the steel storage tanks and pipe line connecting them with the receiving tanks were not exempt from the payment of the ad valorem tax under the provisions of section 9814, Comp. Stat. 1921.

## 2. Same—Requisites for Exemption of Property Used in Oil Production.

In order for property or equipment to be exempt from the payment of other tax under the provisions of section 9814, Comp. Stat. 1921, such property must be an indispensable agency in the discovery and production of the petroleum, and must be used in and around a producing well and be actually used in the operation of such well.

Error from District Court, Payne County; J. W. Bird, Judge.

Action by C. B. Shaffer against Walter E. Going, County Treasurer of Payne County, to recover taxes paid under protest. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with directions.

John F. Vaughn, for plaintiff in error.

Malcolm E. Rosser, Chester H. Lowry, and Brown Moore, for defendant in error.

COCHRAN, J. This action was commenced by C. B. Shaffer against the county treasurer of Payne county, Okla., to recover taxes paid under protest.

The testimony discloses that C. B. Shaffer was the owner of extensive oil interests in Oklahoma during the year 1917, and had several hundred producing wells; that, from 1915 and through part of the year 1917, there was a limited market for crude oil, and, on that account, the said Shaffer erected a number of large steel tanks for the storage of the oil produced from his wells. There were small receiving tanks on the lease to take care of the oil as it came from the ground, which tanks held from 500 to 2,000 barrels, and the oil was then run from these tanks to the large steel tanks, which were not constructed on any of the leases, but were from six to ten miles from the producing wells and located near the railroad, so as to be accessible to the loading racks. These tanks had a capacity of about 55,000 barrels each. The testimony of the plaintiff was that the oil which was run to these tanks was sold just as rapidly as it could be marketed. The tax assessor placed these large tanks and pipe line connecting them with the small receiving tanks on the assessment roll for 1917, and tax was levied on the property, and, the same not having been paid, a tax warrant was issued and placed in the hands of the sheriff and levied on the property belonging to Shaffer. Shaffer thereupon paid the amount of the tax to the sheriff, who in turn paid it over to the treasurer, and Shaffer served a written protest, notifying the treasurer that the taxes so paid were illegal and suit would be filed within 30 days therefor. Upon the trial of the case, the trial court found:

"That said property so returned and assessed by the county assessor of Payne county, Okla., was a part of the machinery, appliances and equipment used exclusively by the said plaintiff in the producing of crude petroleum and caring for the same, and the same was exempt and is exempt by law for the years 1917 and 1918 from such assessment and levy for the reason that the said plaintiff has paid the gross production tax as required by the laws of the state of Oklahoma."

Section 9814, Comp. Stat. 1921, which provides for gross production tax on oil tanks, contains the following provision:

"The payment of taxes herein imposed shall be in full and in lieu of all taxes by the state, counties, cities, towns, townships, school districts and other municipalities upon any property rights attached to or inherent in the right to said minerals, upon leases for the mining of asphalt and ores bearing lead, zinc, jack, gold, silver or copper or for petroleum or other crude oil or other mineral oil or for natural gas upon the mining rights and privileges for the minerals aforesaid belonging or appertaining to land, upon the machinery, appliances and equipment used in and around any well producing petroleum or other crude or mineral oil or natural gas, or any mine producing asphalt, or any of the mineral ores aforesaid and actually used in the operation of such well or mine. * * *"

In the case of Re Gross Production Tax of Wolverine Oil Co., 53 Okla. 24, 154 Pac. 362, the court said:

"The equipment and machinery owned by the producer, and which is an indispensable agency in the discovery and production of the commodity, forms a part of the property out of which the production arises. Without it production is impossible."

Conceding that the evidence fully sustains the finding of the trial court, that these steel tanks and pipe line were used exclusively by the plaintiff in producing and caring for the crude petroleum, we are of the

opinion that the findings of the trial court and the testimony incorporated in the record do not show that these tanks were used in the operation of the oil wells, or that they were used in and around producing wells. As we have heretofore stated, there were small receiving tanks in and around the producing wells which were actually used in the operation of such wells; but after it was received in these small tanks, it was conveyed to the steel tanks which are the subject of this controversy to be cared for until it could be marketed. We do not think it was intended by the Legislature to exempt from the ad valorem tax property of this kind, and think that such property cannot be considered as coming within the provisions of the statute, which requires the property to be used in and around the producing wells, and to be used in the operation of such wells.

We are of the opinion that the steel tanks and pipe line leading thereto were subject to the ad valorem tax and were properly placed on the tax roll.

Judgment of the trial court is reversed, and cause remanded, with directions to enter judgment against the plaintiff, C. B. Shaffer.

JOHNSON, V. C. J., and KANE, McNEILL, KENNAMER, NICHOLSON, and BRANSON, JJ., concur.