## BOARD OF EQUALIZATION OF TULSA COUNTY v. INDIAN TERR. ILLUMINATING OIL CO.

No. 21295.  Opinion Filed May 17, 1932.

Rehearing Denied June 7, 1932.

W. L. Coffey, Co. Atty., and Hugh Webster, Asst. Co. Atty., for plaintiff in error.

W. P. McGinnis, Fred M. Carter, and C. E. Wilhite, for defendant in error.

ANDREWS, J.  This is an appeal from a judgment of the district court of Tulsa county, holding that certain personal property belonging to the defendant in error was exempt from taxation and ordering and directing the taxing officials of Tulsa county to strike the same from the tax rolls.

The board of equalization of Tulsa coun-

ty, hereinafter referred to as the plaintiff, directed the Indian Territory Illuminating Oil Company, defendant in error herein, hereinafter referred to as the defendant, to show cause why the valuation of its personal property located in Tulsa county should not be raised from $116,886.87 to $187,717.97 by including in the assessment for the year 1929 four 55,000-barrel steel storage tanks of the value of $22,000 and 51,630 barrels of crude oil of the value of $50,081.10. After a hearing before that board it was ordered that the property be placed upon the tax rolls for the year 1929. The defendant appealed to the district court. That court rendered a judgment in favor of the defendant in which it held that the property was exempt from taxation and in which it ordered the same to be stricken from the tax rolls. From that judgment the plaintiff appealed to this court.

It was stipulated that the steel storage tanks were owned by the defendant; that they were situated in Tulsa county; that they were not situated upon any restricted Indian land or leasehold estate; that they were not situated upon the land from which any of the oil sought to be taxed was produced; that the oil sought to be taxed was produced from land in Seminole county, which was owned by restricted Indians; that the oil was produced between the dates of March 31 and June 16, 1927; that the oil was run through a pipe line from the place of production to the storage tanks in Tulsa county, and that the oil sought to be taxed was commingled with oil from unrestricted land.

It is not necessary for us to determine all of the various questions presented. We will confine our discussion to the determination of whether or not the property sought to be taxed is exempt from taxation by the state and its political subdivisions.

The defendant contends that the storage tanks are exempt from ad valorem taxation by the provisions of paragraph 5, section 9814, C. O. S. 1921, and that the crude oil is exempt from ad valorem taxation for the reason that it was produced by the defendant as a federal governmental instrumentality from lands owned by restricted Indians.

The provisions of section 9814, supra, relate to "machinery, appliances and equipment used in and around any well producing petroleum or other crude or mineral oil or natural gas," and "actually used in the operation of such well." Those provisions have no application to the storage tanks

sought to be taxed. Those storage tanks were situated 75 miles or more from the producing wells. They were not actually used in and around any well producing petroleum or other crude or mineral oil or natural gas. Going, Co. Treas., v. Shaffer, 89 Okla. 46, 213 P. 736. The trial court erred in holding that the storage tanks were exempt from the ad valorem taxation sought to be imposed upon them.

In Trimble v. City of Seattle, 64 Wash. 102, 116 P. 647, that court held:

"Since taxation is necessary to the existence and continuance of government, there are no implied exemptions from its burdens, and a relinquishment of such right by the state will not be presumed unless a deliberate purpose to relinquish it appears."

That is a correct statement of the rule applicable in Oklahoma. Before this court can hold that property is exempt from ad valorem taxation, we must find some constitutional or statutory provision exempting it from taxation. We find no provision of the Constitution or of the statutes of Oklahoma from which we can say that the property sought to be taxed is exempt from ad valorem taxation.

By the provisions of section 1 of the Enabling Act, the rights of persons or property pertaining to the Indians of the Territory of Oklahoma and the Indian Territory may not be limited or impaired so long as such rights shall remain unextinguished, and the authority of the government of the United States to make any law or regulation respecting such Indians, their lands, property or other rights by treaties, agreement, law or otherwise, which it would have been competent to make if the Enabling Act had never been passed, may not be limited or affected by the Constitution of Oklahoma. We must look to the Constitution and the legislative acts and treaties of the United States to determine whether or not the property is exempt from taxation by reason thereof. If it is exempt from taxation by any of those provisions, it is exempt from taxation under the laws of the state of Oklahoma. In re Skelton Lead & Zinc Co.'s Gross Production Tax for 1919, 81 Okla. 134, 197 P. 495. See, also, In re Protest of Bendelari, 82 Okla. 97, 198 P. 606.

The defendant cites many authorities to sustain its contention. All of them have been considered by this court. It is not necessary to discuss all of them herein.

The decision in Large Oil Co. v. Howard, 248 U. S. 549, 63 L. Ed. 416, was based upon

the decision in Choctaw, Oklahoma & Gulf R. Co. v. Harrison, 235 U. S. 292, 59 L. Ed. 234. The tax involved therein was a gross revenue tax.

The decision in Gillespie v. State of Oklahoma, 257 U. S. 501, 66 L. Ed. 338, involved the question of the validity of a claim for state income tax.

In Jaybird Mining Co. v. Weir, Co. Treas., 271 U. S. 609, 70 L. Ed. 1112, there was involved the question of whether an ad valorem tax could be levied upon lead and zinc ore extracted from restricted Indian land and stored in bins on the premises from which the ore had been extracted. This court held that the property was subject to the state ad valorem tax. Weir, Co. Treas., v. Jaybird Mining Co., 104 Okla. 271, 232 P. 425. That judgment was reversed by the Supreme Court of the United States in the above cited case. That court held that the lessee's individual part of the ore was exempt from taxation.

If the oil sought to be taxed in this case had been stored on the premises from which it had been produced, and if it had not been separated from the portion belonging to the lessor, under the rule stated in the Jaybird Case, it would be exempt from ad valorem taxation. That rule is not applicable to the facts in this case, which show that the portion of the oil produced which belonged to the lessor had been delivered to the Superintendent of the Five Civilized Tribes for the benefit of the lessor, and that the lessor owned no part of the oil in storage.

In Heiner, Collector, v. Colonial Trust Co. Executor, 275 U. S. 232, 72 L. Ed. 256, a federal income tax law was involved.

In Union Pacific R. Co. v. Peniston, Co. Treas., 85 U. S. 5, 21 L. Ed. 787, the Supreme Court of the United States said:

"It is, therefore, manifest that exemption of federal agencies from state taxation is dependent, not upon the nature of the agents or upon the mode of their Constitution, or upon the fact that they are agents, but upon the effect of the tax; that is, upon the question whether the tax does in truth deprive them of power to serve the government as they were intended to serve it, or does hinder the efficient exercise of their power. A tax upon their property has no such necessary effect. It leaves them free to discharge the duties they have undertaken to perform. A tax upon their operation is a direct obstruction to the exercise of federal powers."

In Metcalf & Eddy v. Mitchell, 269 U. S. 514, 70 L. Ed. 384, the same court held:

"Not every person who uses his property or derives a profit in his dealings with the government may clothe himself with immunity from taxation on the theory that either he or his property is an instrumentality of government within the rule that neither the federal nor the state government can tax instrumentalities of the other.

"The limitations upon the taxing power of the state or federal government, so far as it affects the other, cannot be so varied or extended as seriously to impair the taxing power of the government imposing the tax, or the appropriate functions of the government affected by it."

Our attention has been called to no provision of the Constitution, statutes, or Indian treaties of the United States, or no decision of any court from which we can conclude that the property herein sought to be taxed is exempt from taxation. We know of none.

The trial court erred in holding that the property herein sought to be taxed was not subject to ad valorem taxation. The judgment of that court is reversed and the cause is remanded to it, with directions to render judgment in accordance herewith.

RILEY, HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and CLARK, V. C. J., absent.

Note.—See under (2) 14 R. C. L. 127; R. C. L. Perm. Supp. p. 3540.