INDIAN TERRITORY ILLUMINATING OIL CO. *v.* BOARD OF EQUALIZATION OF TULSA COUNTY.*

No. 356. Argued January 17, 18, 1933.—Decided February 13, 1933.

---

* Together with No. 357, *Indian Territory Illuminating Oil Co.* v. *Board of County Commissioners of Payne County.*

*Mr. John H. Miley,* with whom *Mr. Wm. P. McGinnis* was on the brief, for petitioner.

*Mr. Hugh Webster,* with whom *Mr. H. L. Anderson* was on the brief, for respondent in No. 356.

*Mr. Ernest F. Jenkins,* with whom *Mr. Guy L. Horton* was on the brief, for respondent in No. 357.

MR. CHIEF JUSTICE HUGHES delivered the opinion of the Court.

These cases present the question of the validity of *ad valorem* taxes upon crude oil belonging to petitioner, Indian Territory Illuminating Oil Company, and held by it in its storage tanks in Tulsa County and Payne County, Oklahoma. In each case, the tax was challenged upon the ground that the oil was exempt because in its production petitioner was operating as an instrumentality of the United States. The Supreme Court of Oklahoma sustained the taxes, 159 Okla. 15, 13 P. (2d) 585; 159 Okla. 6, 14 P. (2d) 929, and the cases come here on writs of certiorari.

The facts are shown by agreed statements. The oil in question was assessed under the general laws of the State for annual *ad valorem* taxes as a part of the personal property of petitioner within the respective counties. It constituted petitioner's share of oil which petitioner had produced from restricted Indian lands in Seminole County, Oklahoma, under leases which had been approved by the Secretary of the Interior pursuant to the Act of Congress of May 27, 1908, 35 Stat. 312. In the *Tulsa County* case (No. 356) the assessment was for the year

1929 and included 51,630 barrels of crude oil which had been produced from the restricted lands above mentioned during the period from March 31, 1927, to June 16, 1927. This oil on production had been commingled with oil from petitioner's " commercial " or unrestricted leasehold properties in Seminole County and had been immediately piped into petitioner's storage tanks in Tulsa County where it had remained. At the time of the removal of the oil, petitioner paid to the Superintendent of the Five Civilized Tribes for the lessors the agreed royalty of 12½ per cent. of the gross proceeds, and the Indians owned no part of the oil in storage on January 1, 1929, the date of assessment, nor will they receive any part of the proceeds when the oil is sold by petitioner. In the *Payne County* case (No. 357) the question concerns 383,307 barrels of crude oil produced from the restricted lands prior to January 1, 1928 (the assessment date) and piped, with other oil, into petitioner's storage tanks in Payne County and there held.

In *Jaybird Mining Co.* v. *Weir*, 271 U. S. 609, an *ad valorem* tax upon ores mined under a lease of restricted Indian land and in the bins on that land on the assessment date was held to be invalid. The tax "was assessed on the ores in mass; and the royalties or equitable interests of the Indians had not been paid or segregated." *Id.* p. 612. In these circumstances the tax was regarded as an attempt to tax an agency of the federal government. That decision is not controlling in the instant case. Here, payment had been made for the share of the Indian lessors and they had no further interest in the oil. It had been commingled with other oil, had been transported from the restricted lands to petitioner's storage tanks in the taxing counties, and was there held exclusively in the interest and for the convenience of petitioner.

There is a recognized distinction between a non-discriminatory tax upon the property of an agent of govern-

ment, albeit the property is used in, or has relation to, the business of the agency—where there is only a remote, if any, influence upon the exercise of the functions of government—and a tax which is deemed to impose a direct burden upon the exertion of governmental powers. *McCulloch* v. *Maryland,* 4 Wheat. 316, 436; *Thomson* v. *Pacific Railroad,* 9 Wall. 579, 590; *Railroad Co.* v. *Peniston,* 18 Wall. 5, 33, 36; *Baltimore Shipbuilding Co.* v. *Baltimore,* 195 U. S. 375, 382; *Choctaw, O. & G. R. Co.* v. *Mackey,* 256 U. S. 531, 536; *Willcuts* v. *Bunn,* 282 U. S. 216, 225, 226; *Susquehanna Power Co.* v. *Tax Commission (No. 1),* 283 U. S. 291, 294; *Fox Film Corp.* v. *Doyal,* 286 U. S. 123, 130; *Broad River Power Co.* v. *Query, ante,* p. 178. In this instance, the tax is not on the oil leases (*Indian Territory Illuminating Oil Co.* v. *Oklahoma,* 240 U. S. 522, 530), or upon the privilege of extracting the oil or upon the income derived therefrom. *Choctaw, O. & G. R. Co.* v. *Harrison,* 235 U. S. 292, 298, 299; *Gillespie* v. *Oklahoma,* 257 U. S. 501, 506. See *Burnet* v. *Coronado Oil & Gas Co.,* 285 U. S. 393, 399. Such immunity as petitioner enjoyed as a governmental instrumentality inhered in its operations as such, and being for the protection of the Government in its function extended no farther than was necessary for that purpose. The holding of the oil in question, which had been segregated and withdrawn from the restricted lands as petitioner's exclusive property, awaiting disposition at petitioner's pleasure, was for its sole advantage and cannot be said to be so identified with its operations as a governmental instrumentality as to entitle it to exemption from the general property taxes imposed by the State in return for the protection the State afforded. With respect to these taxes, this oil was in no different case from that of the other oil of petitioner with which it was commingled.

*Judgments affirmed.*