### In re LEAVY et al.

## CITY OF NEW YORK v. JERSAWIT.

### No. 415.

Circuit Court of Appeals, Second Circuit.

July 13, 1936.

Paul Windels, Corp. Counsel, of New York City (Paxton Blair, Meyer Bernstein, and Sol Charles Levine, all of New York City, of counsel), for claimant-appellant.

Samuel Sturtz, of New York City, for trustee-appellee.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The trustee in bankruptcy of Service Hardware Company. sold at public auction through the United States auctioneer stock and fixtures of the bankrupts and received $2,643.56 from the purchasers. The city of New York demanded payment from the trustee of $52.87, being 2 per cent. of the amount he received out of the auction sale and in addition $8.70 as a penalty and interest. This claim having been presented to the bankruptcy court was rejected by the referee, whose decision was affirmed by the District Judge. From the order which dismissed the reviewing petition the present appeal was taken. We think the matter was not properly decided in the court below.

The rejection of the item of $8.70 by the court is not questioned, but the city insists that the claim as to $52.87 should have been allowed because the imposition of the sales tax and a payment of the amount of it out of the bankrupt's estate in no way would impede the government of the United States in the performance of its functions.

The sale was held on January 28, 1935. Under Local Law No. 24 of the Municipal Assembly of the City of New York (Loc. Laws 1934, p. 166, No. 25, § 2), a tax of 2 per cent. was imposed on "tangible personal property sold at retail." A "retail sale" is defined in the act (page 165, No. 25, § 1 (g) as a sale to any person for any purpose other than for resale in the form of tangible personal property. It is not questioned that the auction sale in this case was a retail sale within the meaning of the act.

While the amount claimed was based upon a percentage of the proceeds of a sale made by a trustee in bankruptcy in liquidation of an insolvent estate, pursuant to order of the bankruptcy court, we think the imposition upon the trustee of a duty to collect that amount from the purchaser at the auction cannot be regarded as unlawfully burdening an instrumentality of the government.

. In the case of In re Flatbush Gum Co., 73 F.(2d) 283, 284, we had before us the question whether a sale by a receiver in bankruptcy in liquidation of an insolvent estate was taxable under the New York State Tax Law (Consol.Laws, c. 60). We held the state act inapplicable because it contained no language clearly embracing such a sale by a receiver. But in chapter 394 of the Laws of 1935 the State Tax Law (section 390 (a) was so amended as to define the word "person" as including "an executor, administrator, receiver, trustee or other fiduciary." Had the act contained that definition, when the case of In re Flatbush Gum Co., was before us, we could hardly have avoided answering what we there characterized as "the rather baffling question of what is, or what is not, the imposition of a state tax upon an instrumentality of the government of the United States."

By the Municipal Law, which we must construe in the present case, "person" is defined in section 1 (a) as including a "receiver, trustee or any other person acting in a fiduciary capacity." Loc.Laws 1934, p. 165, No. 25. But under that law the sales tax is not imposed upon the vendor (here the trustee), for, according to section 2 thereof, it is to "be paid by the purchaser to the vendor, for and on account of the city of New York, and the vendor shall be liable for the collection or the service rendered; and the vendor shall have the same right in respect to collecting the tax from the purchaser, or in respect to non-payment of the tax by the purchaser, as if the tax were a part of the purchase price of the property or service and payable at the time of the sale." The trustee in the case at bar neglected to collect the tax from the purchaser, perhaps in order to test the validity of the Municipal Sales Tax when applied to situations like the present. In any event, the fact that he only collected the purchase price and did not require the purchaser to pay the tax was a matter of his personal choice. We cannot see that the collection would have required steps on his part that would in any fair sense have interfered with the discharge of his functions. It can hardly be imagined that a tax on goods purchased from the army or navy or any other government department would be regarded as an unlawful impediment to the exercise of a government function. Yet there, as here, if the goods were to be tax free in the hands of the purchaser, the seller would have been likely to get a better price than if they were to be subject to a tax. Indeed, an exemption would probably result in a gain by vendors in their receipts from sales that would be measured by the amount of taxes that purchasers would ordinarily

have to pay. If taxes on purchases at ordinary government sales are not unlawful, it is hard to see why taxes on purchases at judicial sales should stand in a different category. It must be remembered that property in the hands of a trustee is ordinarily subject to the same state and municipal taxes to which other property in the locality is subject, (Swarts v. Hammer) 194 U.S. 441, 24 S.Ct. 695, 48 L.Ed. 1060, and that trustees and receivers, if continuing the business of insolvent corporations, are liable for corporate franchise-taxes. Michigan v. Michigan Trust Co., 286 U.S. 334, 52 S.Ct. 512, 76 L.Ed. 1136. A tax on a sale made by a trustee under an order of court for purposes of liquidation if payable directly and primarily by him would doubtless be a burden on a governmental instrumentality, for a judicial sale in liquidation of a bankrupt estate would in a peculiar sense involve the exercise of a federal function. Indeed, without the exercise of such a function and the power thus to dispose of assets, administration in bankruptcy would hardly be practicable. A tax on the vendee in connection with a sale in liquidation of a bankrupt's estate is, at least in a formal sense, quite different from a tax for which the vendor is made primarily liable. Not only would the tax be on the purchaser, rather than the trustee, but it would be a tax equivalent to that imposed on all persons in the community similarly situated. It is the policy of the courts ordinarily to treat such general taxes as valid. The limitation of exemptions to taxes directly and substantially interfering with government functions is being adhered to with more and more strictness. Indian Territory Illuminating Oil Co. v. Board of Com'rs, 288 U.S. 325, 53 S.Ct. 388, 77 L.Ed. 812; Fox Film Corp. v. Doyal, 286 U.S. 123, 52 S.Ct. 546, 76 L.Ed. 1010; Helvering v. Powers, 293 U.S. 214, 55 S.Ct. 171, 79 L.Ed. 291; United States Trust Co. v. Anderson (C.C.A.) 65 F.(2d) 575, 89 A.L.R. 994.

The purchaser at the judicial sale was only required to pay the same tax he would have been bound to pay if he had purchased from anyone else. What the trustee is really complaining of is, not that a burden has been imposed upon the exercise of his functions, but of his inability to sell to a purchaser who would be exempt from a tax and because of such an exemption would pay a higher price to him than would ordinarily be paid for the goods sold. It seems unreasonable to treat the absence of an exemption from taxes as a burden upon the normal exercise of a governmental function.

The order appealed from is reversed, with costs to the city of New York, its claim is allowed and it is entitled to preferential payment out of the assets in the hands of the trustee because it arose through a sale of merchandise conducted by the trustee or on his behalf.