# TABER, TREASURER OF PAYNE COUNTY, *v.* INDIAN TERRITORY ILLUMINATING OIL CO.

No. 280.   Argued January 6, 1937.—Decided February 1, 1937.

*Mr. Leon J. York,* with whom *Messrs. Guy L. Horton* and *L. O. Lytle* were on the brief, for petitioner.

*Mr. Donald Prentice,* with whom *Mr. William P. McGinnis* was on the brief, for respondent.

1

2

MR. CHIEF JUSTICE HUGHES delivered the opinion of the Court.

The respondent, Indian Territory Illuminating Oil Company, holds an oil and gas lease covering lands of restricted Pawnee Indians. The question relates to the constitutional authority of the State of Oklahoma to tax certain property used by the respondent in its operations as lessee. The Supreme Court of Oklahoma held that the property was not taxable because the lessee was a federal instrumentality and Congress had not consented to its taxation. 177 Okla. 67; 57 P. (2d) 1167. We granted certiorari. October 12, 1936.

The property is described as "one dwelling, portable, one garage, one tool house, engines, pump, water well equipment, tanks, derricks, casing, tubing, rods, pipelines, and one trailer truck, of the aggregate value of $15,869.23." The tax is an *ad valorem* tax for the year 1933–34. There is no allegation or finding that the tax was discriminatory, the sole contention being that the property was not subject to *ad valorem* taxation because of its use as an adjunct to the production of oil and gas from the leasehold.

Our decisions distinguish between a non-discriminatory tax upon the property of an agent of government and one which imposes a direct burden upon the exertion of governmental powers. In the former case where there is only a remote, if any, influence upon the exercise of governmental functions, we have held that a non-dis-

criminatory *ad valorem* tax is valid, although the property is used in the operations of the governmental agency. This distinction, recognized by Chief Justice Marshall in *McCulloch* v. *Maryland,* 4 Wheat. 316, 436, was stated and applied after full consideration in *Thomson* v. *Pacific Railroad,* 9 Wall. 579, 591, and *Railroad Company* v. *Peniston,* 18 Wall. 5, 31–36. Recent illustrations are found in *Alward* v. *Johnson,* 282 U. S. 509, 514, where the tax which was sustained was laid upon property used in operating an automotive stage line between points in California under a mail carrier's contract; and in *Tirrell* v. *Johnston,* 293 U. S. 533, where a tax known as the "gasoline road toll" was held to be payable by a rural mail carrier who delivered the mail by means of his own motor vehicle. See, also, *Thomas* v. *Gay,* 169 U. S. 264, 273; *Baltimore Shipbuilding Co.* v. *Baltimore,* 195 U. S. 375, 382; *Choctaw, O. & G. R. Co.* v. *Mackey,* 256 U. S. 531, 536, 537; *Willcuts* v. *Bunn,* 282 U. S. 216, 226; *Susquehanna Power Co.* v. *Tax Commission (No. 1),* 283 U. S. 291, 294; *Eastern Air Transport* v. *Tax Commission,* 285 U. S. 147, 153.

In *Indian Territory Illuminating Oil Co.* v. *Board of Equalization,* 288 U. S. 325, an *ad valorem* tax upon crude oil, held by the company in its storage tanks, was sustained against the claim that the oil was exempt because in its production the taxpayer was operating as an instrumentality of the United States. There the taxpayer relied, as does the state court here, upon the ruling in *Jaybird Mining Co.* v. *Weir,* 271 U. S. 609, where an *ad valorem* tax upon ores mined under a lease of restricted Indian land and in the bins on that land was held to be invalid. But we pointed out that in the *Jaybird* case the tax "was assessed on the ores in mass; and the royalties and equitable interests of the Indians had not been paid or segregated." *Indian Territory*

*Illuminating Oil Co.* v. *Board of Equalization, supra,* p. 327. In those circumstances the tax was regarded as an attempt to tax an agency of the federal government. Emphasizing that distinction, we said in reference to the *Indian Territory Illuminating Oil Company*: "Such immunity as petitioner enjoyed as a governmental instrumentality inhered in its operations as such, and being for the protection of the Government in its function extended no farther than was necessary for that purpose." *Id.,* p. 328.

In that view, the immunity cannot be said to extend to a nondiscriminatory *ad valorem* tax upon the property of the petitioner which is involved in the instant case. The judgment is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

*Reversed.*