## TABER, County Treas., v. INDIAN TERRITORY ILLUMINATING OIL CO.

No. 25794.   June 15, 1937.

Guy L. Horton, County Attorney, for plaintiff in error.

W. P. McGinnis, Fred M. Carter, Archibald Bonds, and Donald Prentice, for defendant in error.

WELCH, J.   This is an appeal by the

county treasurer of Payne county from a judgment in favor of the plaintiff, Indian Territory Illuminating Oil Company, for refund of taxes paid under protest.

The controlling question is whether the property assessed, and upon which the tax was levied, is taxable by the state of Oklahoma, or its political subdivision. The property in question consisted of certain items of personal property used in the operation of an oil and gas lease on restricted Indian land.

The plaintiff contends that the property was exempt from taxation because to permit the state to impose a tax on the property would burden a federal governmental instrumentality, and that because the oil 'and gas lease was a federal instrumentality the property here involved and used on such lease was exempt from state ad valorem taxation.

This court by a majority opinion adopted that view in the first opinion in this case, 177 Okla. 67, 57 P. (2d) 1167.

Upon appeal, the Supreme Court of the United States reversed the judgment of this court, 'and remanded the cause. See Taber v. Indian Territory Illuminating Oil Company, 300 U. S. 1, 81 L. Ed. ____.

It is the duty of this court to follow the Supreme Court of the United States to the conclusion that the imposition by a state of a nondiscriminatory ad valorem tax upon personal property used in operations under an oil 'and gas lease covering restricted Indian land is not precluded by the fact that the lease is a federal instrumentality. That conclusion requires that we now supersede and overrule or withdraw the rule of law announced in the first opinion in this case and reported in 177 Okla. 67, 57 P. (2d) 1167.

It is made clear by the opinion of the Supreme Court of the United States that the property here involved is not exempt from state taxation, and that the trial court was in error in holding that the plaintiff taxpayer was entitled to recover back the taxes paid.

The authorities which clearly demonstrate the correctness of that conclusion are cited and discussed in the opinion of the Supreme Court of the United States, 'and in the majority opinion and dissenting opinion in this court, and we deem it unnecessary to consider the matter here at greater length.

The judgment of the trial court is reversed, and the cause remanded, with directions to render judgment for the defendant, county treasurer, denying the plaintiff any recovery.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, PHELPS, CORN, GIBSON, and HURST, JJ., concur. BUSBY, J., absent.