Honorable Mary Margaret Haugen Chair, Municipal Research Council 1200 5th Avenue, Suite 1300 Seattle, WA 98101-1159
Dear Senator Haugen:
In your capacity as chair of the Municipal Research Council, you have requested an opinion on the following question:
Are public lands owned by a city, which are located within the corporatelimits of the city, subject to assessments levied by a mosquito controldistrict pursuant to RCW 17.28.255?
 BRIEF ANSWER
Lands owned by a city, which are located within the corporate limits of the city and also within the boundaries of a mosquito control district, are subject to assessment by the district pursuant to RCW 17.28.255, to the extent that the city-owned lands receive a special benefit from the operation of the district.
 ANALYSIS
Mosquito control districts are special purpose local government bodies organized pursuant to RCW 17.28. The powers of such a district relate to the elimination or abatement of mosquitoes and their breeding places. RCW17.28.160-.185. A city cannot be included in a district except upon request of the city's governing body, made by resolution. RCW 17.28.030. A district is governed by a board of trustees of five members. The trustees are generally appointed by the legislative body of the county or counties in which the district is located; in some cases, trustees are appointed by city governing bodies. RCW 17.28.110.
Mosquito control districts have several statutory ways to finance their operations. One of them is set forth in RCW 17.28.255, the statute which is the subject of your question:
 The board of trustees shall annually determine the amount of money necessary to carry on the operations of the district and shall classify the property therein in proportion to the benefits to be derived from the operations of the district and in accordance with such classification shall apportion and assess the several lots, blocks, tracts, and parcels of land or other property within the district, which assessment shall be collected with the general taxes of the county or counties.
Id. Your question is whether real property (land) belonging to a city and located within the city's corporate limits, but also located within the district, is subject to assessment for the operations of a district under RCW 17.28.255.
Although we have not addressed this specific question in previous opinions, we have reached conclusions in previous opinions that, taken together, indicate an affirmative answer to your question. Our first task is to determine whether an assessment under RCW 17.28.255 is an ad valorem property tax or a "special assessment." Publicly-owned property is constitutionally and statutorily exempt from ad valorem taxation. Const. art. VII, § 1; RCW 84.36.010. However, we have previously determined that the assessments referred to in RCW 17.28.255 are not regular ad valorem taxes, but "special assessments." In AGO 1994 No. 24, we reached this conclusion as part of a determination that county treasurers have authority to charge a service fee for collecting the assessments authorized by RCW 17.28.255. As we noted in AGO 1994 No. 24, the key distinction between the mosquito control assessment authorized by RCW 17.28.255 and regular property taxes is that the measure of taxation in RCW 17.28.255 is the "benefit[s] to be derived [by such property] from the operations of the district" and not the value of the property in question.
Early on, our courts held that article VII, section 1 does not prohibit the assessment of publicly-owned land for correlative "special benefit" derived by the property from the operation of some local government activity. In re Howard Avenue North, 44 Wn. 62, 86 P. 1117 (1906) (concluding that a city had authority to impose a special assessment on school district property for street improvements).[1] Thus we conclude that there is no constitutional bar to the inclusion of city-owned land in the property made subject to a mosquito control district assessment under RCW 17.28.255.
The next question is whether the Legislature has statutorily authorized mosquito control districts to impose special assessments on publicly-owned property. We can find no language (in RCW 17.28.255 or elsewhere) either expressly including or expressly excluding such property from assessment. This situation is directly analogous to the one we analyzed in AGO 1972 No. 16, in which we concluded that a sewer district had authority to levy special assessments against county-owned property specially benefited by district improvements. There, as here, sewer districts were authorized to levy special assessments "on all property specially benefited by any local improvement". Former RCW 56.20.010 (effective until July 1, 1997).
In AGO 1972 No. 16, we analyzed case law to determine that no express
inclusion of publicly-owned property is required in order to subject such property to special assessment, following such early cases as HowardAvenue, supra, and City of Spokane v. Fonnell, 75 Wn. 417, 135 P. 211
(1913) (city should have included certain city and school district-owned property in a local improvement district related to a street system expansion).[2] Rather, absent an express exemption, such property may be assessed where it is specially benefited by the improvements at issue.
Although the case law on this subject is relatively old, our examination of more recent opinions shows no likelihood that the principles set forth would be reconsidered or reversed if the issues were to arise anew. Therefore, we conclude that city-owned property located within the corporate boundaries of the city and also within a mosquito control district would be subject to special assessment under RCW 17.28.255 for the expenses of the district, to the extent such property is "specially benefited" by the operations of the district.[3] We will not attempt here to suggest how the existence of such a special benefit would be determined or calculated, since that is largely a factual question.[4]
We trust that the foregoing will prove useful.
 Sincerely, JAMES K. PHARRIS Senior Assistant Attorney General
[1] For the same reason, RCW 84.36.010 is inapplicable here, because it exempts publicly-owned property from regular tax levies and not from special assessments.
[2] As the 1972 opinion points out, there is a different rule forstate-owned property than for property owned by local governments. Thecourts have stated that state property is not subject to specialassessment, unless the Legislature expressly makes it so. City of Spokanev. Sec. Sav. Soc'y, 46 Wn. 150, 89 P. 466 (1907) and Rabel v. City ofSeattle, 44 Wn. 482, 87 P. 520 (1906). Accord AGO 1959-60 No. 161.
[3] As we noted earlier, cities have definite control over whether their territory is included within a mosquito control district. Presumably, when deciding whether to consent to include a city in a district, the city governing body would consider the possibility that city-owned property would be subject to assessment, and this would be a factor in its policy decision.
[4] Given the clear distinction in law, however, between a "special assessment" and a property tax, we are skeptical that property value alone would be an appropriate basis to measure the extent of a "special benefit" as set forth in RCW 17.28.255 or similar statutes. If city-owned property is assessed based on its value, the assessment scheme begins to look like an ad valorem tax of a type from which cities and other governments are constitutionally exempt.