### BELT LINE RY. CORPORATION v. NEWTON, Atty. Gen., et al.

(District Court, S. D. New York. January 25, 1921.)

1. **Carriers ⊜12 (4)—Interest on bonds can be included in cost of carrying passengers.**

The interest paid by a street railway company on its bonds can be included in computing the cost of carrying each passenger, though the street railway company, with consent of the state Public Service Commission, had ceased to operate cars over a portion of the lines mortgaged to secure the bonds.

2. **Courts ⊜493 (3)—Parties can choose forum for relief against rate order after exercising legislative remedy.**

A public service corporation, after exercising its legislative remedy against a confiscatory rate by proceedings before the state Public Service Commission, which had taken under advisement an application for rehearing thereof, and had not decided such application within 30 days after submission as required by Public Service Commissions Law, N. Y. § 22, can choose its forum for review of such action and bring suit in United States District Court.

3. **Carriers ⊜12 (5)—Share of railroad in fare of transfer passengers held confiscatory.**

Where the cost of carrying each passenger on a street railway exceeds four cents, and a majority of its passengers either travel on or receive transfers as required by an order of the state Public Service Commission, which allows it only two cents for such passengers and its income is less than the operating expenses and interest on borrowed money, the order requiring the acceptance and issuing of transfers for the prescribed share in the fare is confiscatory, so that its enforcement should be restrained.

In Equity. Suit by the Belt Line Railway Corporation against Charles D. Newton, as Attorney General of the State of New York, and others, to restrain the enforcement of an order of the Public Service Commission of New York. On motion for preliminary injunction enjoining the operation of the Public Service Commission's order, dated October 29, 1912, in so far as it fixes at five cents the maximum joint rate or fare to be exacted for through transportation over the lines of the plaintiff and the lines operated by all other street service railway corporations or any of them named in said order, except Third

Avenue Railway Company and the Forty-Second Street, Manhattan-ville & St. Nicholas Avenue Railway Company, on the ground that the same has become and now is in contravention of section 10 of article 1 of the Fourteenth Amendment to the Constitution of the United States. Granted.

Alfred T. Davidson, of New York City, for plaintiff.

Winthrop & Stimson, of New York City, amici curiæ.

Wilber W. Chambers, Ely Neumann, M. Maldwin Fertig, and Charles Horowitz, all of New York City, for defendants.

Before HOUGH, Circuit Judge, and LEARNED HAND and MAYER, District Judges, holding the court pursuant to section 256 of the Judicial Code (Comp. St. § 1233).

PER CURIAM. This motion in substance seeks to have abrogated as confiscatory, and therefore unconstitutional, the system by which the Fifty-Ninth Street crosstown surface line is obliged to issue to and receive transfers from passengers desiring to exchange at the intersection of Fifty-Ninth street with Seventh, Sixth, Lexington, Second, and First avenues, in the borough of Manhattan, the result of which system is that for each passenger so exchanging and from a through rate of five cents the plaintiff receives two cents and no more. As the result of this long-standing system, the major portion of the passengers on plaintiff's crosstown line pay a fare of two cents only to plaintiff— the proportion of two-cent passengers to five-cent passengers being (with sufficient accuracy for present purposes) in the proportion of 10 to 7.

The facts presented are simple and not in dispute. The propositions of law are easy to state, and their elaborate discussion unnecessary in a court of first instance. For these reasons we shall content ourselves with briefly stating our findings of fact and legal conclusions therefrom.

1. Plaintiff is a corporation organized in 1911, which by purchase in foreclosure acquired the franchises, property, and rights formerly of the Central Park, North & East River Railroad Company, and by virtue of such acquisition became authorized to operate a surface railway on Fifty-Ninth street, between First and Tenth avenues, on First avenue, between Fifty-Ninth street and Fourteenth street, and on Tenth avenue and West street, between Fifty-Ninth street and the Battery.

2. It is still operating what is known as the Crosstown Line on Fifty-Ninth street, and that on West street and Tenth avenue; but the operation of the line on First avenue south of Fifty-Ninth street has been abandoned with assent of the Public Service Commission.

3. Plaintiff is subject to the operation of the Commission's order of October 29, 1912, under which no greater fare than five cents can be charged for the through transportation of one passenger, and of such fare of five cents the two cents long allotted by treaty or agreement to plaintiff is a fair and equitable provision. For the year ending June 30, 1920, the actual cost to plaintiff of carrying each passenger was 3.46 cents, of which sum .53 cents represents interest on first mortgage bonds and other borrowed money.

4. For the period of four months ending October 31, 1920, said actual cost was 3.96 cents, and the carrying charges for borrowed money amounted to .56 cents.

5. For the year ending June 30, 1920, a comparison between the actual cost of carrying passengers plus interest on borrowed money and the total income of the plaintiff from every source showed a deficit of $20,814.82, and by the same comparison a deficit exists of $28,120.- 27 for the four months ending October 31, 1920. These calculations allow for payment of taxes, but do not cover any reserve or any sum for replacement or depreciation of physical property. By the same system of computation the accumulated deficit, without depreciation allowances, of this plaintiff since January 1, 1916, amounts to $201,- 270.13.

6. In May, 1920, plaintiff applied to the Public Service Commission for a modification of the order of October 29, 1912, substantially praying to be relieved from the obligation to carry passengers for two cents—in other words to abolish transfers at the points above mentioned.

7. Hearings were had before the Commission under the above application, and on July 9, 1920, the Commission entered an order holding that the joint rate of five cents fixed by the order of October 29, 1912, had by reason of changed conditions become "unjust, unreasonable, and insufficient to render a fair and reasonable return for the service furnished, wherefore [continued the order] the said maximum joint fare or rate was fixed," commencing September 13, 1920, at the sum of seven cents, instead of five cents.

8. Thereupon plaintiff, on July 23, 1920, applied for a rehearing pursuant to section 22 of the Public Service Commissions Law (Consol. Laws, c. 48), and in respect of the matters determined in and by said order of July 9.

9. On November 4, 1920, the Commission made an order granting said application for rehearing, and on November 5 entered an order by which it "deferred and postponed" the operation of the order of July 9, 1920, "until such date or dates as shall or may be fixed by the Commission at or after the termination of such rehearing."

10. The matter of the rehearing before the Commission was terminated on November 10, 1920, was then finally submitted to said Commission for decision, and has never been decided, although section 22 of the Public Service Commissions Law requires that any rehearing "shall be determined by the Commission within thirty days after the same shall be finally submitted." This bill was filed more than 30 days after such final submission to the Commission.

[1] 11. Plaintiff's method of computing cost per passenger by including as an item of expense interest on borrowings is proper, and the abandonment of the "East Side Belt Line" makes no difference in the indebtedness or the interest thereupon of the plaintiff. The debt attaches to every part of the line, and almost all of said debt is represented by first mortgage bonds approved by the defendant Commission.

12. The action or non-action of the Public Service Commission has in effect continued and is now continuing in force the order of 1912.

13. The deficits produced by plaintiff's carriage of a majority of all passengers for two cents apiece amount to or result in confiscation.

14. In this case the "legislative" act of rate making is complete and is now requiring carriage of passengers at a rate resulting in confiscation.

15. The only remedy for or review of such rate or rate making under the laws of the state of New York is the writ of certiorari, which remedy is wholly judicial.

16. By reason of the neglect or refusal of the defendant Public Service Commission to render any decision in respect of a rehearing of the matters involved in the order of July 9, 1920, no certiorari is now possible; nor will the issuance of such writ ever be possible unless and until by mandamus or proceedings in the nature thereof the Public Service Commission is required to comply with section 22 aforesaid.

[2] 17. When the legislative remedy for the creation or maintenance of a confiscatory rate is exhausted, the parties injured may choose their forum of reviews and assert their rights (as has here been done) in the courts of the United States. Home Telephone Co. v. Los Angeles, 211 U. S. at page 278, 29 Sup. Ct. 50, 53 L. Ed. 176; Prentis v. Atlantic Coast Line, 211 U. S. 210, 228, 29 Sup. Ct. 67, 53 L. Ed. 150; Bacon v. Rutland R. R., 232 U. S. 134, 34 Sup. Ct. 283, 58 L. Ed. 538.

[3] 18. In the case at bar the aggregate transactions of the plaintiff are resulting. and long have resulted, in failure to pay actual operating expenses. This fact renders unnecessary an inquiry of the character considered in Chesapeake, etc., Ry. v. Public Service Commission, 242 U. S. 603, 37 Sup. Ct. 234, 61 L. Ed. 520.

19. This decision is limited to the enjoining of the transfers complained of in combination with or as obtainable from a five-cent fare. The basic fare of five cents is not attacked in this litigation.

The motion is granted and order filed herewith.