WINNER MILLING COMPANY, Respondent, v. CHICAGO
& NORTH WESTERN RAILWAY COMPANY, Appellant.

(181 N. W. 195.)

(File No. 4659.   Opinion filed January 29, 1921.)

1.  **Appeals—Appeal From Railway Commissioners To Supreme
    Court, Statute Providing, Whether Valid—Constitution.**

Under Const., Art. 5, Sec. 1, vesting judicial power of the state
in the Supreme Court, the circuit court, county court, justices
of the peace, etc., and Sec. 2, providing that except as otherwise
provided by Constitution, the Supreme Court shall have appel-
late jurisdiction **only**, and shall have general superintending
control over all inferior **courts, held,** that exercise of judicial
power is limited to the tribunals enumerated in Sec. 1; that
jurisdiction of Supreme Court is appellate only except in matters
enumerated in Sec. 3, which latter do not include proceedings
of the Board of Railroad Commissioners, while by Sec. 2 appel-
late jurisdiction, as well as superintending control therein de-
fined is limited to appeals from one of the inferior courts men-
tioned in Sec. 1; and Laws 1919, Chap. 290, purporting to
authorize appeal from orders of the Board of Railroad Com-
missioners to Supreme Court, is invalid and unconstitutional;
that to permit such an appeal to this Court would soon result
in its time being monopolized by such appeals to exclusion of
business for which it was created, and this in violation of con-
stitutional limitations upon its powers.

2.  **Appeals—Invalid Appeal to Supreme Court—Non-Objection By
    Respondent, Immateriality Of—Court's Sui Sponte Refusal To
    Act.**

Even though no objection is raised by respondent to the jur-
isdiction of Supreme Court, yet where such Court is without
jurisdiction it will refuse to act.

Action by Winner Milling Company, a corporation, substi-
tuted as complainant   for J. J. Brewer and L. A. Osborn co-
partners as Winner Milling Company, against the Chicago &
Northwestern Railway Company, a corporation.   An order of
the State Board of Railway Commissioners having been made di-
recting defendant railroad company to construct a sidetrack from
its main line to plaintiff's mill, defendant company attempted to
appeal therefrom to the Supreme Court.   Appeal dismissed for
want of jurisdiction.

*A. K. Gardner,* for Appellant.

*O. D. Olmstead,* for Respondent.

*Oliver E. Sweet,* for Board of Railroad Commissioners.

POLLEY, P. J.  [1]  This matter is here on appeal from an order made by the board of railroad commissioners.  Plaintiff built a flour mill adjacent to the railroad right of way in the town of Winner.  On petition by plaintiff to the board of railroad commissioners that body made an order directing the railroad company to construct a side track from the the main line of its road to plaintiff's mill.  From such order the railroad company is attempting to appeal directly to this court.

[1]  By chapter 290, Laws of 1919, the Legislature attempted to authorize an appeal from orders made by the board of railroad commissioners directly to this court without first taking the matter to the circuit court.  In this we believe the Legislature exceeded its constitutional powers.

The Constitution by section 1, article 5, vests the judicial power of the state in the Supreme Court, the circuit court, the county court, justices of the peace and such other courts as may be created by law for cities and towns.  Section 2, art. 5, provides that, except as otherwise provided by the Constitution, the Supreme Court shall have appellate jurisdiction only, and shall have a general superintending control over all inferior courts. The exercise of judicial power is limited to those tribunals enumerated in section 1.   The jurisdiction of this court is appellate only, except in certain matters enumerated in section 3, article 5, which do not include proceedings of the board of railroad commissioners, and by the wording of section 2, it is very plain that the appellate jurisdiction, as well as the superintending control over inferior courts, is limited to appeals from one of the inferior courts mentioned in section 1.   To hold otherwise would be to hold that the Legislature could authorize appeals directly to this court from boards of county commissioners, city commissions, or any other board or commission that the Legislature might see fit to create, as well as the board of railroad commissioners. So far as we are advised, no appellate court existing under constitutional provisions similar to ours has even entertained such appeals.   This court refused to entertain an appeal from the order of a circuit judge made in chambers (Holden v. Haserodt, 3 S. D. 4, 51 N. W. 340), and the same has been held in Wisconsin (Hubbell v. McCourt, 44 Wis. 584; State v. Brownell,

80 Wis. 563, 50 N. W. 413.) In Arkansas and North Carolina under constitutional provisions similar to ours, it is held that appeals will not lie from the board of railroad commissioners directly to the Supreme Court. Ex parte B. R. R. Co., 39 Ark. 82; Pate v. Railroad Co., 122 N. C. 877, 29 S. E. 334. If appeals could be taken directly to this court from the board of railroad commissioners, county commissioners, city commissions, and such other tribunals as the Legislature may from time to time see fit to create, it would not be long until the time of this court would be monopolized by such appeals, to the exclusion of the business for which the court was created. As was said by the Supreme Court of Wisconsin in Hubbel v. McCourt et al. supra:

"This court has an abundance of labor to perform in the discharge of those duties which are conferred upon it by the Constitution, and the laws made in conformity therewith. without assuming other burdens, not sanctioned by the Constitution, which might be attempted to be imposed upon it by legislation in violation of the constitutional limitations upon its powers."

[2] No objection to the jurisdiction of the court is raiesd by the respondent, but that is not material. Where the court is without jurisdiction, it will refuse to act. Oneida · Navigation Co. v. W. & S. Job & Co., Inc., 252 U. S. 521, 40 Sup. Ct. 357, 64 L. Ed. 697.

The appeal will be dismissed for want of jurisdiction.