ST. LOUIS–SAN FRANCISCO RAILWAY COMPANY
*v.* MIDDLEKAMP, STATE TREASURER OF THE
STATE OF MISSOURI, ET AL.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF MISSOURI.

No. 636. Argued March 2, 3, 1921.—Decided May 2, 1921.

1. The question whether the Missouri law laying on corporations an annual franchise tax of a percentage of their capital stock and surplus employed in the State (Laws 1917, pp. 237–242) lacks

due process, in not providing a hearing, of right, before the commission that assesses the tax, is presumably open in the suit provided for collecting the tax, and therefore cannot be relied on in a suit in the District Court to restrain collection brought by a corporation which had a hearing and whose valuations were accepted by the commission in making the assessment. P. 229.

2. Its own figures having been so accepted, the corporation can not complain that it was taxed disproportionately as compared with other railroads, the commission not having acted fraudulently. P. 230.

3. The Missouri law, as this court understands it to have been construed by the Supreme Court of the State, subjects foreign corporations with stock having no stated par value to the tax; it, therefore, does not discriminate against domestic corporations whose stock has a stated par value. P. 230.

4. The tax does not contravene the Commerce Clause, even if the value of the franchise taxed is derived partly from the fact that the corporation does interstate business. P. 231.

5. Federal control of its railroad during the tax year did not exonerate the plaintiff railroad company from the tax. P. 231.

6. The act does not violate the constitution of Missouri by imposing double taxation. P. 231.

7. The "surplus" is the excess in value of the assets in the State (where the corporation employs part of its "capital stock" in business elsewhere) over the capital stock employed in the State. P. 231.

8. While, in respect of such corporations, the statute in one clause describes the tax as measured by the capital stock employed in the State, other connected clauses show the intention to include the surplus so employed, as well. P. 231.

Affirmed.

APPEAL from a decree of the District Court sustaining a franchise tax imposed on a Missouri railroad corporation, which sought to enjoin its collection. The facts are given in the opinion.

*Mr. Edward T. Miller* and *Mr. Henry S. Conrad,* with whom *Mr. William F. Evans* was on the briefs, for appellant.

Mr. Frank W. McAllister, with whom Mr. Jesse W. Barrett, Attorney General of the State of Missouri, and Mr. Merrill E. Otis were on the briefs, for appellees.

Mr. Thomas O. Stokes, Mr. D. A. Frank, Mr. J. W. Gleed and Mr. S. L. Swarts, by leave of court, filed a brief as amici curiæ.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a bill to restrain the collection of a franchise tax imposed by the statutes of Missouri upon domestic corporations. Laws of 1917, pp. 237–242.[1] The plaintiff, a corporation of Missouri, filed with the State Tax Com-

---

[1] Section 1. Every corporation organized under the laws of this state shall, in addition to all other fees and taxes now required or paid, pay an annual franchise tax to the state of Missouri equal to three-fortieths of one per cent of the par value of its outstanding capital stock and surplus, or if such corporation employs a part of its capital stock in business in another state or country, then such corporation shall pay an annual franchise tax equal to three-fortieths of one per cent of its capital stock employed in this state, and for the purposes of this act such corporation shall be deemed to have employed in this state that proportion of its entire outstanding capital stock and surplus that its property and assets in this state bears to all its property and assets wherever located. Every corporation, not organized under the laws of this state, and engaged in business in this state, shall pay an annual franchise tax to the state of Missouri equal to three-fortieths of one per cent of the par value of its capital stock and surplus employed in business in this state, and for the purposes of this act such corporation shall be deemed to have employed in this state that proportion of its entire capital stock and surplus that its property and assets in this state bears to all its property and assets wherever located; provided, that this act shall not apply to corporations not organized for profit, nor to express companies, which now pay an annual tax on their gross receipts in this state; and insurance companies, which pay an annual tax on their gross premium receipts in this state.

mission a report, as required by law, showing the value of its assets within the State to be $122,826,652, and the amount of its stock employed within the State $21,625,830. The State Tax Commission accepted these figures and following the statute levied a tax measured by 3/40 of one per cent. of the capital stock employed within the State, and also the same tax in respect of the excess in value of the assets within the State over that of such stock, treating that as the "surplus" which the statute takes as the measure along with the stock. The result of course was a tax of 3/40 of one per cent. upon $122,826,652, equal to $92,119.99. The plaintiff contests the constitutionality of the act under the Fourteenth Amendment and the Commerce Clause (Art. I, § 8), and under a supposed prohibition of double taxation in the constitution of Missouri. It also contends that if the act was valid it was misconstrued in the ascertainment of the surplus over the value of the capital stock in the State. A preliminary injunction was denied by three judges sitting in the District Court and the plaintiff appealed.

The objection most insisted upon in this Court was that the statute made no provision for a hearing, and that although the plaintiff applied to the Tax Commission for a hearing and had one, the statute was bad because it did not provide one in terms. *Central of Georgia Ry. Co.* v. *Wright*, 207 U. S. 127, 138. The mode of collecting the tax is by a suit where, of course, the present plaintiff would be heard, but it is said that the judgment of the Commission can be attacked only for want of jurisdiction and fraud. We cannot suppose however that any question of law apparent on the face of the record would not be open. The constitutional objection mainly relied upon necessarily would be. And as in this case the Commission accepted the plaintiff's figures and the contest is wholly upon matters of law, we see nothing of which

the plaintiff can complain in this respect. There is to be sure one charge involving matter of fact dehors the record. It is alleged that the plaintiff was taxed disproportionately as compared with other railroads. But the plaintiff was taxed upon its own figures in accordance with the statute and could not complain of that. If it had made out a case of fraud against the Commission we presume that the State Courts would have been open to it, as well as the District Court of the United States. But nothing of that kind was proved. *Sunday Lake Iron Co.* v. *Wakefield,* 247 U. S. 350, 353.

The next objection to the tax has assumed greater importance than any other because it induced the same judges who sat in this case to change their opinion and issue a temporary injunction in a suit like this brought by the Southwestern Bell Telephone Company. We will consider it although it hardly is open on the bill. It now has been decided by the Supreme Court of Missouri that corporations with stock having no stated par value can be admitted to do business in the State, *State ex rel. Standard Tank Car Co.* v. *Sullivan,* 282 Missouri, 261, and that decision was taken to mean that all such corporations fall within a provision imposing a tax of only twenty-five dollars upon foreign corporations without a capital stock. On that ground it was held that the Southwestern Bell Telephone Company was denied the equal protection of the laws. We hesitate to differ from judges presumably familiar with local conditions, but we cannot read the careful discussion by the Missouri Court as having the meaning supposed. It is true that it adverts to the "lump annual tax" imposed upon foreign corporations without a capital stock while arguing that the policy and laws of Missouri do not forbid their entering the State. But at a later page it quotes with approval a Kansas case to show not only that the absence of a stated value for the stock would create no difficulty

in determining whether a corporation should be admitted but also that it would create equally little difficulty in applying the tax imposed upon corporations with stock having a stated par. Until the Supreme Court of the State decides otherwise we shall assume that the supposed inequality of treatment does not exist.

There is no contravention of the Commerce Clause. It is said that the value of the franchise taxed is derived partly from the fact that the corporation does interstate business, but that does not invalidate the tax. *St. Louis & East St. Louis Electric Ry. Co.* v. *Hagerman, post,* 314. *St. Louis Southwestern Ry. Co.* v. *Arkansas,* 235 U. S. 350, 365. Of course the fact that the plaintiff's road was under federal control during the year in question does not exonerate it. It was profiting by its franchises although in a different way. Act of March 21, 1918, c. 25, §§ 1, 15, 40 Stat. 451, 458.

Nothing more needs to be said concerning the relation of the act to the Constitution of the United States. As to the constitution of Missouri we see no reason to believe that it has been violated and perceive no indication of such an opinion in the judgments of the Supreme Court of the State. That Court on the contrary seems to regard the act as valid. *State ex rel. Marquette Hotel Investment Co.* v. *State Tax Commission,* 282 Missouri, 213. This case also sanctions the construction adopted by the Commission and the Court below for the word "surplus" in the statute and shows that the amount of the tax was right. It is urged that where, as here, only a part of the corporation's capital is employed within the State the tax is measured by that part of the capital alone and no part of the surplus is taken into account. The words are, "such corporation shall pay an annual franchise tax equal to three-fortieths of one per cent of its capital stock employed in this state." But these words follow the words laying the normal tax measured by stock and sur-

plus, and the sentence quoted continues "and for the purposes of this act such corporation shall be deemed to have employed in this state that proportion of its entire outstanding capital stock and surplus that its property and assets in this state bears to all its property and assets wherever located." We cannot much doubt that the tax was intended to be measured by the proportion of stock and surplus in the State, and that the omission of reference to surplus in the clause first quoted is a mis-prision or abbreviation that does not conceal the purpose to be gathered from the previous and following words. We think it unnecessary to go into further details.

*Decree affirmed.*