BROAD RIVER POWER CO. *v.* QUERY ET AL.*

No. 390.   Argued January 20, 1933.—Decided February 6, 1933.

*Mr. George M. LePine,* with whom *Messrs. C. Edward Paxson* and *W. C. McLain* were on the brief, for appellants.

*Mr. J. Fraser Lyon,* with whom *Mr. John M. Daniel,* Attorney General of South Carolina, was on the brief, for appellees.

---

* Together with No. 391, *Lexington Water Power Co.* v. *Query et al.*

Mr. Chief Justice Hughes delivered the opinion of the Court.

These suits were brought to restrain the enforcement of a statute of South Carolina (Act of May 9, 1931, 37 St. at Large, 357) imposing a tax on the production and sale of electric power. The District Court of three judges (28 U. S. C. 380) sustained the tax and the cases come here on appeal from final decrees dismissing the bills of complaint for want of equity. 52 F. (2d) 515; 286 U. S. 525; 60 F. (2d) 528.

The contention, pressed below, that the statute is repugnant to the commerce clause of the Federal Constitution is not presented here. The grounds of attack are (1) that the statute is a denial of the equal protection of the laws, contrary to the Fourteenth Amendment; and (2), in the case of the Lexington Water Power Company, that the tax is imposed upon an agency of the United States.

(1) The complaint, upon the first ground, is that the tax is laid upon the production of electricity by water power or steam power, while the production of electricity by the use of oil or internal combustion engines is not taxed, and that the statute also exempts from the tax industrial plants generating power for their own use or that of their employees.

The court below adequately answered this contention. The court found that there were at least two plants in the State producing electric current by the use of internal combustion engines and that these plants were small and their business was comparatively insignificant. The court pointed out that the purpose of the legislature was evidently " to tax the generation of electric current by the hydroelectric companies which utilize the water power in the rivers of South Carolina, one of the great natural resources of that State." And the generation of current

by the use of steam power was taxed "because it is a matter of common knowledge that the hydroelectric companies use steam power to supplement water power in the production of their current, and also because current produced by steam power is the great competing factor on the market with current produced by water power." 52 F. (2d) p. 519. This classification cannot be regarded as arbitrary. Nor can it be doubted that the State was entitled, in devising its fiscal system, to recognize the distinction between hydroelectric companies generating electric current for sale to the public and industrial plants which develop power for their own use and that of their employees. The principles involved have been so recently restated by this Court that elaboration is unnecessary. *Heisler* v. *Thomas Colliery Co.,* 260 U. S. 245; *Ohio Oil Co.* v. *Conway,* 281 U. S. 146; *State Board of Tax Commissioners* v. *Jackson,* 283 U. S. 527.

(2) The separate complaint of the Lexington Water Power Company is that it is generating current at a water power plant, on the Saluda river, which was constructed and is operated pursuant to a license granted by the Federal Power Commission under the Federal Water Power Act (16 U. S. C., c. 12) and hence that the tax is an "excise, license or privilege tax" upon a Federal agency.

It is apparent, however, that the complainant in generating and selling power is not acting as an agent for the Government. It acts with the Government's permission, and while it may be said to have received a privilege from the Government, it is not a privilege to be exercised on behalf of the Government. The tax is not upon the exertion of, and cannot be said to burden, any governmental function. *Fox Film Corp.* v. *Doyal,* 286 U. S. 123, 130. The tax is not laid upon the license granted by the Federal Water Power Commission but upon the production and sale of power which the company generates at its own

pleasure and exclusively for its own profit. Notwithstanding the special characteristics of electrical energy, the company is engaged in producing and selling an article of trade. *Utah Power & Light Co.* v. *Pfost*, 286 U. S. 165, 180, 181. The product is property. The fact that a privilege has been received from the Federal Government does not exempt that property or the local business in producing and selling it from the burdens of taxation otherwise valid. *Railroad Company* v. *Peniston*, 18 Wall. 5, 33; *Choctaw, O. & G. R. Co.* v. *Mackey*, 256 U. S. 531, 537; *Willcuts* v. *Bunn*, 282 U. S. 216, 226; *Fox Film Corp.* v. *Doyal, supra; Susquehanna Power Co.* v. *Tax Commission (No. 1)*, 283 U. S. 291, 294. Thus, the " permissive grant " by the Federal Government to a telegraph company to use the military and post roads of the United States for its poles and wires " did not prevent the State from taxing the real or personal property belonging to the company within its borders or from imposing a license tax upon the right to do a local business within the State." *Williams* v. *Talladega*, 226 U. S. 404, 416; *Western Union Telegraph Co.* v. *Massachusetts*, 125 U. S. 530, 549; *Western Union Telegraph Co.* v. *Gottlieb*, 190 U. S. 412, 423. The complainant is in no better position with respect to the tax here in question.

*Decrees affirmed.*