**SCHLOSSER et al. v. WELSH, Director of Taxation for South Dakota.**

No. 66.

District Court, D. South Dakota, Central Division.

Feb. 19, 1934.

994

Olaf Eidem and E. D. Barron, of Sioux Falls, S. D., for plaintiffs.

R. F. Drewry, Asst. Atty. Gen. (Walter Conway, Atty. Gen., on the brief), for defendant.

Before GARDNER and SANBORN, Circuit Judges, and WYMAN, District Judge.

GARDNER, Circuit Judge.

This is a suit in equity by which plaintiffs seek to enjoin defendant as director of taxation for the state of South Dakota from enforcing against them the provisions of chapter 184, Session Laws of South Dakota 1933.

The plaintiff B. P. Schlosser is a postal clerk, employed in the United States post office at Sioux Falls, S. D., with an annual salary of $2,100; the plaintiff John A. Scotney is regional attorney for the United States Veterans' Administration in Sioux Falls, S. D., with an annual salary of $3,200; and the plaintiff Archie Wells is a stockman upon an Indian reservation in South Dakota, receiving an annual salary of $1,980, all being highly trained and experienced in and especially fitted for their respective positions, having been duly appointed thereto and serving therein under the laws of the United States and the rules and regulations of the Civil Service Commission, and having served in such capacity for more than ten years last past.

Chapter 184 of the South Dakota Session Laws for 1933, approved March 3, 1933, provides for a tax upon gross income received after July 1, 1933. The statute classifies incomes, but it is necessary to consider here subdivision (d) of section 2 which fixes the

tax "where the gross income is represented by a compensation in the form of wages or salaries," at a rate of 1 per cent. of such income up to $2,000, 1½ per cent. on all such income in excess of $2,000 and up to $5,000, and 2 per cent. on all income in excess of $5,000. The tax is payable in quarterly installments. Section 4, subd. (f), provides: "The term 'gross income' does not include the following items, which shall be exempt from taxation under this Chapter: * * * (f) Salaries, wages and other compensation received from the United States by officers or employees thereof, and pensions and compensations received from the United States, where the same is specifically exempted from taxation by law."

Section 21 provides that the act shall expire and stand repealed on the 30th day of June, 1935.

Plaintiffs challenge the right of the state taxing authorities to impose such a tax on them on the ground that they are instrumentalities or part of instrumentalities or agencies of the federal government, and necessary and indispensable in their respective capacities to the proper operation and functioning of these instrumentalities or agencies. It is alleged in the bill of complaint that plaintiffs, by refusing to pay the tax, have rendered themselves liable under the act to arrest, fine, and imprisonment, and that the defendant, in construing and enforcing the law, has determined that officers of the United States are exempt from taxation under the act, but that employees of the United States are not; that liens will be filed in the office of the register of deeds of the counties in which plaintiffs reside, and effort made to collect the taxes with penalty by distraint and sale, by suit, or other procedure.

In defense, it is contended that plaintiffs are not entitled to relief in this court because (1) the amount in controversy does not exceed, exclusive of interest and costs, the sum or amount of $3,000; (2) plaintiffs have an adequate and complete remedy at law, and hence cannot obtain relief in a court of equity; and (3) plaintiffs, in any event, are not exempt from taxation under the questioned statute.

■ 1. The amount of the tax upon each of plaintiffs' salaries for the two years is confessedly less than $3,000, and for that reason defendant contends that this court is without jurisdiction. Plaintiffs do not claim the right to join their separate demands, and, if joined, the jurisdictional amount, if measured by the tax to be paid, would be insufficient. While the suit was commenced as a class suit, plaintiffs have abandoned that contention, and it is clear that claims of this kind cannot be aggregated for the purpose of conferring jurisdiction. Elliott v. Board of Trustees (C. C. A. 5) 53 F.(2d) 845; Vicksburg, etc., Ry. Co. v. Nattin (C. C. A. 5) 58 F.(2d) 979; Odgen City v. Armstrong, 168 U. S. 233, 18 S. Ct. 98, 42 L. Ed. 444.

■ The bill of complaint alleges that the value of the rights which it is sought to protect is more than $3,000, exclusive of interest and costs. For jurisdictional purposes, the amount in good faith claimed in the pleading of the plaintiff governs. Barnebey v. Barron G. Collier, Inc. (C. C. A. 8) 65 F.(2d) 864. Plaintiffs assert that, if the jurisdictional amount of $3,000, exclusive of interest and costs, is required, it is involved, or at least in good faith claimed, because the amount involved is not the amount of the tax in dispute, but the value of the right of each plaintiff to continue in his employment free from any impairment of emoluments by the use of the power of taxation by the state of South Dakota. Plaintiffs rely upon Berryman v. Whitman College, 222 U. S. 334, 32 S. Ct. 147, 150, 56 L. Ed. 225; Deposit Bank v. Frankfort, 191 U. S. 499, 24 S. Ct. 154, 48 L. Ed. 276; and New Orleans v. Citizens' Bank, 167 U. S. 371, 17 S. Ct. 905, 42 L. Ed. 202. The teaching of these cases is that, when there is an impairment of the obligation of a contract of exemption from taxation, the jurisdictional amount is not measured by the amount of the particular tax, but by the value of the contract right. Thus, in Berryman v. Whitman College, supra, it is said: "We state in the margin the cases principally relied upon to support the contention as to the want of jurisdiction. It would suffice to say of these cases that if they supported the proposition which they are cited to maintain, they have been qualified and restricted by the cases which we have just reviewed."

The question was before the Circuit Court of Appeals of the Fifth Circuit in Vicksburg, S. & P. Ry. Co. v. Nattin (C. C. A. 5) 58 F. (2d) 979, 980. There the bill alleged that, in order to pay the interest and retire the bonds, plaintiff would each year be assessed such an amount so that it would in the aggregate, through the twenty-five years (the period of time in which taxes would be assessed to pay certain bonds), be compelled to pay a sum in excess of $5,000; $406.80 of the tax was then due. The District Court [51 F.(2d) 1061] had held that it was without jurisdiction, and in affirming the judgment the Circuit Court

of Appeals said: "Only prophetic ken of a rare order could forecast what will ensue. Jurisdiction is based on actuality, not prophecy, the pressure of a grievance immediately felt and presently measureable in money of the jurisdictional amount. Speculative anticipation that conditions, from which present ills, not now sufficient in amount to give jurisdiction, flow, may in time aggregate the necessary amount, will not support jurisdiction."

In Holt v. Indiana Manufacturing Co., 176 U. S. 68, 20 S. Ct. 272, 273, 44 L. Ed. 374, the Supreme Court said: "Treating this bill as setting up a case arising under the Constitution or laws of the United States on the ground that the laws of Indiana authorized the taxation in question, and were therefore void because patent rights granted by the United States could not be subjected to state taxation, or because the obligation of the contract existing between the inventor and the general public would be thereby impaired, or for any other reason, the difficulty is that the pecuniary limitation of over $2,000 applied, and the taxes in question did not reach that amount. And the effect on future taxation of a decision that the particular taxation is invalid cannot be availed of to add to the sum or value of the matter in dispute." See, also, City of Clay Center v. Farmers' Loan & Trust Co., 145 U. S. 224, 12 S. Ct. 817, 36 L. Ed. 685; New England Mortgage Security Co. v. Gay, 145 U. S. 123, 12 S. Ct. 815, 36 L. Ed. 646; Colvin v. City of Jacksonville, 158 U. S. 456, 15 S. Ct. 866, 39 L. Ed. 1053.

In view of the fact that the statute, by its express terms, expires June 30, 1935, thereby limiting the tax to two years, and of the small amount of tax on each plaintiff's salary, it seems clear that the amount is not sufficiently shown by the bill of complaint. Cohn v. Cities Service Co. (C. C. A. 2) 45 F. (2d) 687; Swan Island Club v. Ansell (C. C. A. 4) 51 F.(2d) 337.

Plaintiffs contend, however, that this court has jurisdiction irrespective of the amount in controversy, basing their claim upon title 28 USCA § 41 (14), Rev. St. § 563, par. 12, § 629, par. 16, which confers jurisdiction "of all suits at law or in equity authorized by law to be brought by any person to redress the deprivation, under color of any law, statute, ordinance, regulation, custom, or usage, of any State, of any right, privilege, or immunity, secured by the Constitution of the United States, or of any right secured by any law of the United States providing for equal rights of citizens of the United States, or of all persons within the jurisdiction of the United States."

The bill of complaint alleges that defendant, as director of taxation of the state of South Dakota, has construed subdivision (f) of section 4 of the act to exempt from taxation salaries, wages, and other compensation received from the United States of America, by officers thereof, but that employees of the United States of America are not so exempt from the tax; "that such claim on the part of said defendant is an unlawful and unjust discrimination between officers and employees of the United States of America in that said Gross Income Tax Law by its provisions exempts from the tax provided for by said law, salaries, wages, and other compensation received from the United States of America by officers or employees thereof, where the same is specifically exempted by law, and is a violation of the Fourteenth Amendment to the Constitution of the United States. That it does not grant to the said complainants the equal protection of the laws."

Jurisdiction is the power to decide a justiciable controversy, including questions of law, as well as of fact. "A complaint, setting forth a substantial claim under a federal statute presents a case within the jurisdiction of the court as a federal court, and this jurisdiction cannot be made to stand or fall upon the way the court may chance to decide an issue as to the legal sufficiency of the facts alleged any more than upon the way it may decide as to the legal sufficiency of the facts proven. Its decision either way upon either question is predicated upon the existence of jurisdiction, not upon the absence of it. Jurisdiction, as distinguished from merits, is wanting only where the claim set forth in the complaint is so unsubstantial as to be frivolous, or, in other words, is plainly without color of merit." Binderup v. Pathé Exchange, 263 U. S. 291, 44 S. Ct. 96, 98, 68 L. Ed. 308.

"Unsuccessful as well as successful suits may be brought" in a federal court, and in either case the ultimate outcome is not the test of jurisdiction. The Fair v. Kohler Die Co., 228 U. S. 22, 33 S. Ct. 410, 411, 57 L. Ed. 716. The test is whether an appropriate statement, unaided by any anticipation or avoidance of defenses, discloses that there is really and substantially involved a dispute or controversy over which the court has been given jurisdiction. Woods Bros. Const. Co. v. Yankton County, S. D. (C. C. A. 8) 54 F. (2d) 304, 81 A. L. R. 300; Mosher v. Phoenix, 287 U. S. 29, 53 S. Ct. 67, 77 L. Ed. 148;

Hurn v. Oursler, 289 U. S. 238, 53 S. Ct. 586, 77 L. Ed. 1148; Levering & Garrigues v. Morrin, 289 U. S. 103, 53 S. Ct. 549, 77 L. Ed. 1062; Pacific Elec. R. Co. v. Los Angeles, 194 U. S. 112, 24 S. Ct. 586, 48 L. Ed. 896; Little York Gold Washing & Water Co. v. Keyes, 96 U. S. 199, 24 L. Ed. 656; Mitchell v. Dakota Central Tel. Co., 246 U. S. 396, 38 S. Ct. 362, 62 L. Ed. 793; Columbus Ry., Power & Light Co. v. Columbus, 249 U. S. 399, 39 S. Ct. 349, 63 L. Ed. 669, 6 A. L. R. 1648; Swafford v. Templeton, 185 U. S. 487, 22 S. Ct. 783, 46 L. Ed. 1005; First Natl. Bank of Canton, Pa., v. Williams, 252 U. S. 504, 40 S. Ct. 372, 64 L. Ed. 690; South Covington Ry. Co. v. Newport, 259 U. S. 97, 42 S. Ct. 418, 66 L. Ed. 842; Patton v. Brady, 184 U. S. 608, 22 S. Ct. 493, 46 L. Ed. 713; City R. Co. v. Citizens' Street R. Co., 166 U. S. 557, 17 S. Ct. 653, 41 L. Ed. 1114; Greene v. L. & I. R. Co., 244 U. S. 499, 37 S. Ct. 673, 61 L. Ed. 1280, Ann. Cas. 1917E, 88.

Turning now to the bill of complaint, it is observed that one of the allegations and claims is that defendant has arbitrarily excluded plaintiffs from a class to which logically and lawfully they belong; that they in effect had been singled out from a class to which by all fair and reasonable construction they belong. This, we think, presents a controversy over which this court has jurisdiction. .

In Lawrence v. State Tax Commission, 286 U. S. 277, 52 S. Ct. 556, 76 L. Ed. 1102, a state income tax was assailed as violating the Fourteenth Amendment of the Federal Constitution; one of the grounds of attack being that in exempting corporations which were competitors of the plaintiff, from the tax on income from like activities carried on outside the state, it denied him the equal protection of the laws. While the court held against plaintiff on this contention, the importance of the case from the point of jurisdiction involved in the instant case is that the court recognized that the attempted taxation of one who should be immune is violative of the Fourteenth Amendment, and presents a question of denial of equal protection of the laws.

Intentional, systematic discrimination by the taxation officials of a state violates the equal protection clause of the Fourteenth Amendment, even though the law under which they act is not subject to constitutional objections. Iowa-Des Moines Bank v. Bennett, 284 U. S. 239, 52 S. Ct. 133, 76 L. Ed. 265; Greene v. L. & I. R. Co., 244 U. S. 499, 37 S. Ct. 673, 61 L. Ed. 1280, Ann. Cas. 1917E, 88.

It seems clear under the authorities that plaintiffs have presented more than a colorable claim of jurisdiction, and hence, under section 41 (14), supra, this court has jurisdiction to decide this case. Truax v. Raich, 239 U. S. 33, 36 S. Ct. 7, 60 L. Ed. 131; Crane v. Johnson, 242 U. S. 339, 37 S. Ct. 176, 61 L. Ed. 348, Ann. Cas. 1917B, 796.

Jurisdiction being assumed, it extends to the determination of all questions involved, including questions of state law, regardless of what disposition, if any, is made of the question presented upon which jurisdiction rests. Greene v. L. & I. Ry. Co., 244 U. S. 499, 37 S. Ct. 673, 61 L. Ed. 1280, Ann. Cas. 1917E, 88; Texas Co. v. Brown, 258 U. S. 471, 42 S. Ct. 375, 66 L. Ed. 721; Ohio River & W. R. Co. v. Dittey, 232 U. S. 576, 34 S. Ct. 372, 58 L. Ed. 737; Hopkins v. Southern California Telephone Co., 275 U. S. 393, 48 S. Ct. 180, 72 L. Ed. 329; Sterling v. Constantin, 287 U. S. 378, 53 S. Ct. 190, 77 L. Ed. 375; Hurn v. Oursler, 289 U. S. 238, 53 S. Ct. 586, 77 L. Ed. 1148; Risty v. C., R. I. & P. Ry. Co., 270 U. S. 378, 46 S. Ct. 236, 70 L. Ed. 641.

2. (a) Where a state board or tribunal, or successive boards or tribunals, are vested with legislative or administrative powers with reference to taxation or rate fixing, it is settled by the decisions that, before resort may be had to a federal court to enjoin the tax or rate being carried into effect, the legislative or administrative remedies must be first exhausted. Prentis v. Atlantic Coast Line Co., 211 U. S. 210, 29 S. Ct. 67, 53 L. Ed. 150; Porter v. Investors' Syndicate, 286 U. S. 461, 52 S. Ct. 617, 76 L. Ed. 1226; Air-Way Electric Appliance Corp. v. Archer (D. C). 279 F. 878.

It is equally well settled, however, that, where the legislative stage has passed and the judicial stage has been reached, the above rule does not apply. Bacon v. Rutland R. R. Co., 232 U. S. 134, 34 S. Ct. 283, 284, 58 L. Ed. 538.

In the last-cited case, in referring to Prentis v. Atlantic Coast Line Co., supra, the court said: "But it was laid down expressly that at the judicial stage the railroads had a right to resort to the courts of the United States at once. P. 228 [of 211 U. S., 29 S. Ct. 67]. Therefore before that case can apply it must be established at least that legislative powers are conferred upon the supreme court of the state of Vermont."

To the same effect see Chicago Ry. Co. v. Illinois Commerce Commission (D. C.) 277 F. 970; Belt Line Ry. Corp. v. Newton (D. C.) 273 F. 272; City R. Co. v. Beard (D. C.) 283 F. 313, 325.

In the last-cited case, decided by the District Court, it is said: "The justiciable stage having been reached when the tax commission finally acted, and legislative powers not having been conferred upon the common pleas court, plaintiff was not obliged to proceed in that court to obtain relief from action violative of the federal Constitution. It may assert its rights at once in the federal courts."

Here, no legislative or administrative question is involved, as is involved in the fixing of rates or tax adjustments. The legislative act was complete when the Legislature and executive, in the exercise of their constitutional powers, enacted and approved the legislation. It is conceded that there is no express law exempting either federal officers or federal employees from such taxation. Hence the only question involved is whether the Legislature had power to include officers and employees of the federal government within the taxing provision of the statute. This is clearly a judicial question. The legislative act is complete. Prentis v. Atlantic Coast Line Co., 211 U. S. 210, 29 S. Ct. 67, 53 L. Ed. 150; Prendergast v. New York Tel. Co., 262 U. S. 44, 43 S. Ct. 466, 67 L. Ed. 853; Chicago, B. & Q. R. R. Co. v. Osborne, 265 U. S. 14, 44 S. Ct. 431, 68 L. Ed. 878.

Defendant concedes that action by the state board of equalization is not a condition precedent to action in the state court to recover the tax. It is not made an essential to a valid charge or assessment. Application to the board for redress is entirely optional with the taxpayer. When administrative procedure is at an end, resort may at once be had to a federal court of equity if there is no adequate remedy at law in that court. City Bank Farmers' Trust Co. v. Schnader, 54 S. Ct. 259, 78 L. Ed. ——, Jan. 8, 1934. The judicial question presented here arose as soon as the statute was passed, and it is a question which only a court can determine, and which, being judicial in nature, cannot be delegated to any other tribunal.

Article 5, § 1, of the Constitution of South Dakota, provides that: "The judicial powers of the state, except as in this constitution otherwise provided, shall be vested in a supreme court, circuit courts, county courts, and justices of the peace, and such other courts as may be created by law for cities and incorporated towns."

In Hoyt v. Hughes County, 32 S. D. 117, 142 N. W. 471, it was held that powers strictly judicial may be exercised by the courts alone. It is there held that "quasi-judicial" acts are those acts of public boards and municipal officials presumed to be the product or result of investigation, consideration, and human judgment based upon evidentiary facts of some sort, in a matter within the discretionary power of such board or officer.

Under the act in question, if the state board of equalization grant a hearing on a petition, it may make such order as may appear to be "just and lawful." This would appear at most to invite the exercise of the "quasi-judicial" power described in Hoyt v. Hughes County, supra, involving the exercise of official discretion, but, manifestly, the right invoked here by plaintiffs is not one involving the exercise of discretion of any kind, but is purely the judicial question as to whether the Legislature of South Dakota could make the salaries or income, or the offices or employments, of plaintiffs subject to the tax.

It seems clear, therefore, that resort to such administrative, legislative, or quasi judicial powers as may be vested in the state board of equalization should not be required of plaintiffs in this case, where the controversy is purely judicial in nature. The exercise of judicial power in South Dakota is limited to the tribunals mentioned in article 5, § 1, of the state Constitution. Winner Milling Co. v. C. & N. W. Ry. Co., 43 S. D. 574, 181 N. W. 195. In a controversy such as this, an attempted delegation of power to a nonjudicial tribunal to determine a strictly judicial controversy would be beyond the power of the South Dakota Legislature.

(b) Is a plain, adequate, and complete remedy at law provided by payment of the tax under protest and suit to recover? U. S. C., title 28, section 384, Rev. St. § 723, Jud. Code, § 267, 28 USCA § 384.

Defendants urge that, if the court has jurisdiction, still there is a plain, adequate, and complete remedy at law, in that an aggrieved party may pay the tax under protest and bring action in the state court to recover, citing Matthews v. Rodgers, 284 U. S. 521, 52 S. Ct. 217, 76 L. Ed. 447; section 384, title 28, U. S. C. (section 267, Judicial Code, 28 USCA § 384).

Section 11 of the act provides that an aggrieved taxpayer may petition the state board of equalization to relieve him from an assessment, or, without such hearing, he may pay the tax under protest and bring suit to recover back. The statute provides: "Any person

improperly charged with any tax and required to pay the same, may recover the amount paid, together with interest, by paying the same under protest and by suit commenced within thirty days after such payment, against the Director of Taxation and the Circuit Court of the county in which the taxpayer resides or is located shall have original jurisdiction of any action to recover any tax improperly collected."

Injunctions to retard or delay the collection of the tax are forbidden by the act.

The adequacy of the remedy at law must be an adequate remedy at law in the federal court. City Bank Farmers' Trust Co. v. Schnader, supra; Henrietta Mills v. Rutherford County, N. C., 281 U. S. 121, 50 S. Ct. 270, 74 L. Ed. 737, and cases therein cited.

The only consent given by the state of South Dakota in section 11 is to sue to recover the tax paid in the circuit courts of the state. The suit must be against the director of taxation to recover moneys that have become part of the public treasury. A United States District Court could not assume jurisdiction, because the consent of the state is limited to suits in the state courts, and the Eleventh Amendment would prevent a suit against the state or its officer representing it. Smith v. Reeves, 178 U. S. 436, 20 S. Ct. 919, 922, 44 L. Ed. 1140. In this case the court said: "In our judgment it was competent for the state to couple with its consent to be sued on account of taxes alleged to have been exacted under illegal assessments made by the state board, the condition that the suit be brought in one of its own courts."

Jurisdiction of a federal court of a suit against a state treasurer to recover taxes alleged to have been illegally assessed and levied was denied. See, also, Southern Bridge Co. v. U. S. Shipping Board Emergency Fleet Corp. (D. C. Ala.) 266 F. 747; Cargile v. New York Trust Co. (C. C. A. 8) 67 F.(2d) 585.

The language of the act is clear and explicit in this respect. That the state has consented to be sued only in the one court is made doubly certain when we observe that section 6826 of the Revised Code of 1919, relating to real and personal property taxes, provides for payment of taxes under protest, and an action thereafter against the county treasurer to recover the taxes "in any court of competent jurisdiction." These words include and authorize an action in federal as well as state courts. Central Pac. Ry. Co. v. Nevada Tax Commission (D. C. Nev.) 3 F. Supp. 929.

It is sufficient to confer jurisdiction upon a federal court in equity if the remedy at law be doubtful. Davis v. Wakelee, 156 U. S. 680, 15 S. Ct. 555, 39 L. Ed. 578, Dawson v. Kentucky Distilleries & Warehouse Co., 255 U. S. 288, 41 S. Ct. 272, 65 L. Ed. 638. The remedy at law in this court is sufficiently doubtful at least so that the court should proceed with the case as a suit in equity. The Eleventh Amendment will not prevent a court of equity from enjoining affirmative action by the state officers under color of an unconstitutional statute. Cargile v. New York Trust Co. (C. C. A. 8) 67 F.(2d) 585.

3. This brings us to the merits of the controversy. It is observed that each of the plaintiffs has been duly appointed to his office or position under the laws of the United States and the rules and regulations of the Civil Service Commission. His employment is not temporary, but he is filling a federal position created by law, and is removable only for cause. On assuming his position, he is required to take and file an oath of office and otherwise qualify as provided by the particular statute or rules of the department establishing his position or authorizing his employment. The statute in question makes no distinction between officers and employees of the United States, but on its face exempts "salaries, wages and other compensation received from the United States by officers or employees thereof * * * where the same is specifically exempted from taxation by law." There is no contention that any such salaries or compensations are "specifically exempted by law," if by specific exemption is meant any express, statutory, or constitutional provision.

It has been broadly stated that it is not within the power of a state, except by congressional consent, to lay any tax on the instruments, means, or agencies provided or selected by the United States government to enable it to carry into execution its legitimate powers and functions. While the "line may not be plotted with precision in advance" (Metcalf & Eddy v. Mitchell, 269 U. S. 514, 46 S. Ct. 172, 174, 70 L. Ed. 384) the decided cases have, we think, indicated on which side of the line this case should fall. Among the cases in which it has been held that alleged instrumentalities or agencies of the United States were not exempt from taxation may be cited the following: Educational Films Corp. v. Ward, 282 U. S. 379, 51 S. Ct. 170, 75 L. Ed. 400, 71 A. L. R. 1226; Flint v. Stone Tracy Co., 220 U. S. 107, 31 S. Ct. 342, 55 L. Ed. 389, Ann. Cas. 1912B, 1312; Willcuts

'v. Bunn, 282 U. S. 216, 51 S. Ct. 125, 75 L. Ed. 304, 71 A. L. R. 1260; Susquehanna Co. v. Tax Commission, 283 U. S. 291, 51 S. Ct. 434, 75 L. Ed. 1042; Fox Film Corp. v. Doyal, 286 U. S. 123, 52 S. Ct. 546, 76 L. Ed. 1010; Broad River Power Co. v. Query, 288 U. S. 178, 53 S. Ct. 326, 77 L. Ed. 685; Indian Territory Oil Co. v. Board, 288 U. S. 325, 53 S. Ct. 388, 389, 77 L. Ed. 812; Burnet v. A. T. Jergins Trust, 288 U. S. 508, 53 S. Ct. 439, 77 L. Ed. 925; St. Louis-San Francisco R. Co. v. Middlekamp, 256 U. S. 226, 41 S. Ct. 489, 65 L. Ed. 905; Union P. R. R. Co. v. Peniston, 18 Wall. 5, 36, 21 L. Ed. 787; Baltimore Shipbuilding & D. D. Co. v. Baltimore, 195 U. S. 375, 25 S. Ct. 50, 49 L. Ed. 242; Fidelity & Deposit Co. of Maryland v. Pennsylvania, 240 U. S. 319, 36 S. Ct. 298, 60 L. Ed. 664; Western Union Tel. Co. v. Attorney General, 125 U. S. 530, 8 S. Ct. 961, 31 L. Ed. 790; Snyder v. Bettman, 190 U. S. 249, 23 S. Ct. 803, 47 L. Ed. 1035; Plummer v. Coler, 178 U. S. 115, 20 S. Ct. 829, 44 L. Ed. 998; Wheeler Lumber Co. v. United States, 281 U. S. 572, 50 S. Ct. 419, 74 L. Ed. 1047. Any attempted review or analysis of these cases would unduly extend this opinion and serve no useful purpose.

In McCulloch v. Maryland, 4 Wheat. 316, 436, 4 L. Ed. 579, in an opinion by Chief Justice Marshall, it is said: "The States have no power, by taxation or otherwise, to retard, impede, burden, or in any manner control, the operations of the constitutional laws enacted by Congress to carry into execution the powers vested in the general government."

That this principle has not been departed from is illustrated by the following cases in which a tax has been held void: Coronado Oil & Gas Co. v. Burnet, 60 App. D. C. 233, 50 F. (2d) 998 (federal tax on lessee's income from its share of oil and gas obtained from state school lands); Indian Motorcycle Co. v. United States, 283 U. S. 570, 51 S. Ct. 601, 604, 75 L. Ed. 1277 (federal tax on sale of motorcycle where purchaser was a municipal corporation); New Brunswick v. United States, 276 U. S. 547, 48 S. Ct. 371, 72 L. Ed. 693 (state tax on interest of United States Housing Corporation in land); Panhandle Oil Co. v. Knox, 277 U. S. 218, 48 S. Ct. 451, 452, 72 L. Ed. 857, 56 A. L. R. 583 (state tax on privilege of selling gasoline, where tax was so many cents per gallon of gasoline sold, as applied to sales to Coast Guard Fleet and a veterans' hospital); First National Bank of Guthrie Center, Iowa, v. Anderson, 269 U. S. 341, 46 S. Ct. 135, 70 L. Ed. 295 (state tax discriminating against shares in national bank); Western Union Telegraph Co. v. Texas, 105 U. S. 460, 26 L. Ed. 1067 (state tax on federal telegrams); People of State of New York v. Commissioners of Taxes for New York City and County, 67 U. S. (2 Black) 620, 17 L. Ed. 451 (state tax on property of bank, as far as stock was owned by federal government); Northwestern Mutual Life Ins. Co. v. Wisconsin, 275 U. S. 136, 48 S. Ct. 55, 72 L. Ed. 202 (state tax of 3 per cent. annually of gross income, void as to part of income from United. States bonds); Gillespie v. State of Oklahoma, 257 U. S. 501, 42 S. Ct. 171, 172, 66 L. Ed. 338 (state tax on net income derived by lessee from sales of his share of oil and gas received under leases of restricted Indian lands); Indian Territory Illuminating Oil Co. v. Oklahoma, 240 U. S. 522, 36 S. Ct. 453, 60 L. Ed. 779 (state tax on lessee of Indian lands, under authority of federal government); California v. Central Pac. R. Co., 127 U. S. 1, 8 S. Ct. 1073, 32 L. Ed. 150 (state tax on franchise granted by federal government); Home Savings Bank v. Des Moines, 205 U. S. 503, 27 S. Ct. 571, 51 L. Ed. 901 (state tax upon property of bank, not including franchise, without permitting any deduction on account of bonds of the United States owned by the bank); Farmers' & Mechanics' Savings Bank v. Minnesota, 232 U. S. 516, 34 S. Ct. 354, 58 L. Ed. 706 (state tax on bonds issued by municipalities in Indian Territory and Oklahoma Territory, although bonds not guaranteed either by federal or territorial government); Choctaw, O. & G. R. Co. v. Harrison, 235 U. S. 292, 35 S. Ct. 27, 59 L. Ed. 234 (state tax on gross income from production and sale of coal mined from Indian lands under authority of act of Congress); Clallam County, Wash., v. United States, 263 U. S. 341, 44 S. Ct. 121, 122, 68 L. Ed. 328 (state tax on property of liquidating corporation brought into existence and operated by United States as an instrument of war); Dobbins v. Commissioners of Erie County, 16 Pet. 435, 446, 10 L. Ed. 1022 (county taxes on office of captain of United States revenue cutter); Jaybird Mining Co. v. Weir, 271 U. S. 609, 46 S. Ct. 592, 70 L. Ed. 1112 (state tax assessed to lessee on ores mined and in the bins on land leased by Secretary of Interior for incompetent Indian); Buffington v. Day, 11 Wall. 113, 127, 20 L. Ed. 122 (federal tax on salary of state judicial officer).

In Ohio v. Thomas, 173 U. S. 276, 19 S. Ct. 453, 43 L. Ed. 699, it was held that the governor of a soldiers' home, which was under the sole jurisdiction of Congress, was not

subject to a state law concerning the use of oleomargarine, when he furnished it to the inmates of the home as part of the rations furnished for them under appropriations made by Congress therefor.

In Buchanan v. Alexander, 4 How. 20, 11 L. Ed. 857, it was held that money in the hands of a purser, although due seamen on a naval vessel, was not liable to attachment by creditors of the seamen. The court said: "The funds of the government are specifically appropriated to certain national objects, and if such appropriations may be diverted and defeated by state process or otherwise, the functions of the government may be suspended."

In Johnson v. Maryland, 254 U. S. 51, 41 S. Ct. 16, 65 L. Ed. 126, it was held that an employee of the Post Office Department of the United States, driving mail over a post road from Mt. Airy, Md., to Washington, D. C., could not be compelled by the state to obtain a license by submitting to an examination concerning his competence and paying $3 before performing his official duties.

It has been said that "there is no express provision in the Constitution that prohibits the general government from taxing the means and instrumentalities of the States, nor is there any prohibiting the States from taxing the means and instrumentalities of that government. In both cases the exemption rests upon necessary implication, and is upheld by the great law of self-preservation; as any government, whose means employed in conducting its operations, if subject to the control of another and distinct government, can exist only at the mercy of that government. Of what avail are these means if another power may tax them at discretion?" Buffington v. Day, supra.

In Macallen Co. v. Massachusetts, 279 U. S. 620, 49 S. Ct. 432, 435, 73 L. Ed. 874, 65 A. L. R. 866, the court said: "Not only may the power to tax be exercised oppressively, but for one government—state or national—to lay a tax upon the instrumentalities or securities of the other is derogatory to the latter's dignity, subversive of its powers, and repugnant to its paramount authority."

In Clallam v. United States, supra, the court, speaking through Mr. Justice Holmes, said: "The immunity is claimed under the Constitution of the United States. It is true that no specific words forbid the tax, but the prohibition established by McCulloch v. Maryland, 4 Wheat. 316, 4 L. Ed. 579, was established on the ground that the power to

tax assumed by the State was in its nature 'repugnant to the Constitutional laws of the Union' and therefore was one that under the Constitution the State could not use. 4 Wheat. 425, 426, 430, 4 L. Ed. 579. The immunity is derived from the Constitution in the same sense and upon the same principle that it would be if expressed in so many words."

Whatever grounds or reasons the principle springs from, the immunity is clear. The question in each case must be whether that which is sought to be taxed sustains such a close relationship as to demand protection of the immunity. A tax that imposes a "direct burden upon the exertion of governmental powers" is to be condemned. Indian Territory Oil Co. v. Board, supra. Whatever is so "intimately connected with the necessary functions" of the one government is not subject to taxation by the other. Metcalf & Eddy v. Mitchell, supra. In Indian Territory Oil Co. v. Board, supra, the court said: "There is a recognized distinction between a non-discriminatory tax upon the property of an agent of government, albeit the property is used in, or has relation to, the business of the agency—where there is only a remote, if any, influence upon the exercise of the functions of government—and a tax which is deemed to impose a direct burden upon the exertion of governmental powers."

In U. P. R. R. Co. v. Peniston, supra, the court said that the distinction "between a tax on the property of a governmental agent, and a tax upon the action of such agent, or upon his right to be, has * * * been recognized."

In Dobbins v. Commissioners of Erie County, supra, the immunity is said to exist when "taxation by a state acts upon the instruments, emoluments and persons which the United States may use and employ as necessary and proper means to execute their sovereign powers."

"All subjects over which the sovereign power of a State extends are, as a general rule, proper objects of taxation, but the power of a State to tax does not extend to those means which are employed by Congress to carry into execution the powers conferred in the Federal Constitution." Society for Savings v. Coite, 6 Wall. 594, 605, 18 L. Ed. 897.

In Indian Motorcycle Co. v. United States, supra, the court said: "The maintenance of a police service by such a state agency, like the maintenance of a coast guard service by the United States, is a governmental function;

and that function extends—in one instance as much as in the other—to the purchase of equipment and supplies needed to render the particular service efficient."

In Panhandle Oil Co. v. Knox, supra, the court said: "The states may not burden or interfere with the exertion of national power or make it a source of revenue or take the funds raised or tax the means used for the performance of federal functions. * * * It may not lay any tax upon transactions by which the United States secures the things desired for its governmental purposes."

It seems clear that these plaintiffs, if not themselves, in a limited sense, governmental agencies or instrumentalities, are necessary parts of such, and their income from the federal government for services cannot be taxed by the state. The Supreme Court of South Dakota has recently held the tax in question to be an excise or privilege tax upon all businesses, pursuits, professions, trades, vocations, and callings, or the privilege of engaging therein, with the gross receipts of the taxpayer as the measure of the tax. State v. Welsh (S. D.) 251 N. W. 189. Hence, under the ruling of its highest judicial tribunal, the state has attempted to tax the occupations which plaintiffs pursue under the federal government, or the right or privilege of pursuing them. This, it seems clear, cannot be done. See, e. g., Johnson v. Maryland, supra.

Defendant stresses as controlling cases in which independent contractors under contract with a state have been held not exempt from federal income tax. Burnet v. McDonough (C. C. A. 8) 46 F.(2d) 944; Burnet v. Jones (C. C. A. 8) 50 F.(2d) 14; Kreipke v. Commissioner (C. C. A. 8) 32 F.(2d) 594; Metcalf & Eddy v. Mitchell, supra. The answer is obvious—an independent contractor is not so intimately connected with the government as its officers and employees.

As pointed out in Metcalf & Eddy v. Mitchell, supra, an independent contractor has "liberty of action which excludes the idea that control or right of control by the employer which characterizes the relation of employer and employee and differentiates the employee or servant from the independent contractor."

And, in holding an independent contractor with one government not immune from a tax by the other on his income received from the contract, the Supreme Court clearly places officers and employees in the same category as immune from such taxation, the court says:

"But here the tax is imposed on the income of one who is neither an officer nor an employee of government. * * * "

The court does not measure the degree or extent of interference. "Where the principle applies it is not affected by the amount of the particular tax or the extent of the resulting interference, but is absolute." Indian Motorcycle Co. v. U. S., supra. See, also, Fox Film Corp. v. Doyal, supra. The rule "is absolute in form and at least stricter in substance." Gillespie v. Oklahoma, supra. As observed by Mr. Justice Holmes in the last-cited case, there is involved in the rule the idea that the power to tax is the power to destroy.

Plaintiffs and defendant alike have taken the position that plaintiffs are employees of the federal government as distinguished from officers. The defendant concedes that salaries of officers of the federal government are not subject to the tax. Since we are of the view that the salaries of plaintiffs, considered as employees, are immune from the state tax, whether the characterization of the relationship by the parties is correct or not need not be considered. The distinction between officers and employees appears to be one not easily drawn. In United States v. McCrory (C. C. A. 5) 91 F. 295, 296, a letter carrier in the postal service of the United States was held to be an officer of the federal government. The court said: "It is argued that letter carriers are not officers of the United States, within the meaning of the statute in question, but are mere employees, not intended to be included in the statute. Letter carriers are appointed by the postmaster general under authority of the acts of congress, practically during good behavior. They are sworn and give bond for the faithful performance of their duties. They are paid from moneys appropriated for the purpose by congress, and their salaries are fixed by law. They have regularly prescribed services to perform, and their duties are continuing and permanent, not occasional or temporary. In U. S. v. Hartwell, 6 Wall. 385, 393 [18 L. Ed. 830], the supreme court declared that 'an "office" is a public station or employment conferred by the appointment of government. The term embraces the ideas of tenure, duration, emolument, and duties.' " See, also, Foshay v. United States (D. C.) 54 F.(2d) 668; McGregor v. United States (C. C. A.) 134 F. 187.

We conclude that, as plaintiffs' services are necessary in their respective departments, their income derived therefrom is exempt

from the tax sought to be enforced by defendant, and they are entitled to injunctional relief as prayed.

Counsel for plaintiffs may prepare findings of fact and conclusions of law, together with form of decree, in conformity with this opinion.